## Tefft v. Windsor.

*Bill of Exceptions, when signed by Judge after resignation: New Trial.* Where a bill of exceptions appeared on its face to have been signed while the judge who tried the cause was still in office, and it was in fact signed by stipulation afterwards upon condition, the court refused to allow effect to evidence to contradict the record and show this fact, and that the conditions had not been complied with, inasmuch as, under the circumstances, it was inequitable.

A party will not be allowed to lose a right by the resignation of a judge, if there is any way to presume it.

*Heard and Decided October 22d.*

17 MICH. — 0².

Error to Wayne Circuit.

This was a motion to dismiss the writ in this case, for the reason that the bill of exceptions was signed by the Circuit Judge after he had resigned his office.

Mr. *Duffield* moved to dismiss the writ of error on the ground that the bill of exceptions was allowed to be signed by the Circuit Judge after he resigned his office, and to be dated back within his term, on the stipulation that the writ should issue in time to have the case placed on the docket, and heard at the present term, which had not been done.

Mr. *Holbrook, contra,* showed that the delay in having the bill signed, and which was such as to prevent a writ issuing in time, was not caused by neglect, but by the engagements of the judge, and other circumstances for which he was not responsible, and that on the first day of term, he, and the counsel for defendant had both applied to the court to have the case put on the docket, but the application had been rejected, because the rules would not permit it.

CAMPBELL J.

The writ of error and bill of exceptions are both in due form, and upon their face are entirely legal, and there is no denial that the bill is settled according to the facts. This being so, I think when a party is sought to be deprived of his legal right, on grounds outside of the record, he is entitled to have the benefit of any equities in his favor. In this case there would have been no difficulty in having the bill settled, but for the resignation of the judge. Where a party loses his exceptions on any such ground, it is always customary to grant a new trial if there is any showing of a probable ground of complaint on the rulings. In *Scribner v. Gay,* 5 *Mich. 511,* we held that a bill signed by a judge who had gone out of office, ought not to be stricken

out, although there might have been irregularity in its settlement, as the party would be remediless without his own fault. In this case there has been entire good faith, and I think the case ought not to be dismissed.

COOLEY CH. J. and GRAVES J. concurred.

CHRISTIANCY J. thought the party could not be relieved against his stipulation, although there was no want of good faith, as he was bound by his agreement.