## 8421

### STATE v. MADRY.

1. A MOTION FOR CONTINUANCE is addressed to the discretion of the trial Judge and is not appealable error unless there is an abuse of discretion. Here the refusal of such motion on ground of absence of a witness, discovered on the morning of the trial, but as to whose evidence the appellant could not put himself within the rule, *held* not an abuse of discretion.

2. NEW TRIAL—JURISDICTION.—Upon the resignation of one Circuit Judge while holding Court, the Judge appointed to finish the business of the term is the proper Judge to hear a motion for a new trial in a case tried by his predecessor.

Before ERNEST GARY and WATTS, JJ., Richland, January, 1912. Affirmed.

Indictment against A. F. Madry and G. F. Kaigler. Kaigler appeals.

*Messrs. Pringle T. Youmans* and *J. Hughes Cooper,* for appellant.

*Solicitor W. H. Cobb,* contra.

January 18, 1913. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. The defendants were convicted of larceny, but C. F. Kaigler alone appealed.

The following is the agreed statement of facts, upon which the appeal was heard:

"The defendants were found guilty, Judge R. C. Watts presiding; he resigning, Judge Ernest Gary taking his place upon the bench, sentenced the defendants to two years' hard labor upon the public works of Richland county.

"A motion was made on behalf of said Kaigler for a new trial, upon the ground that the motion should have been heard by Judge Watts, whereas it was heard by Judge Gary and was refused, and the said Judge Watts erred in refusing to continue the case, owing to the absence of a witness by the name of Woods, upon the ground that the defendant could not bring himself, within the rule.

"The defendant having testified that he was in his place of business early in the night, when his codefendant, Madry, came in and handed him a watch and some change, saying, 'Keep these for me' (the defendant being a night clerk in a lodging house), 'for I am going to take a turn in the red light district,' and said Madry immediately left, and spent the night in a negro house of ill fame. It was the above conversation which was overheard by the witness, Woods, for whom a subpœna had been issued the morning of the trial, which was the first time that the defendant knew, that Woods was present at the conversation. Since the trial, defendant has heard and learned from the witness, that he would testify the same as set forth above and further corroborate defendant in minor details."

The exceptions raise only two questions. The first is whether there was error on the part of his Honor, Judge Watts, in refusing the defendant's motion for a continuance.

The case of *State* v. *Pope,* 78 S. C. 264, 58 S. E. 815, shows that such motions, are largely addressed to the discretion of the presiding Judge, and are not the subject of appeal, unless there was an abuse of such discretion, which was not made to appear in this case.

The second question is, whether there was error on the part of his Honor Judge Gary, in hearing and refusing the motion for a new trial on the minutes, on the ground that such motion should have been disposed of, by his Honor Judge Watts.

Upon the resignation of his Honor R. C. Watts as Circuit Judge, his Honor Judge Ernest Gary was assigned to hold the remaining term of the Court of General Sessions, and as the hearing of the motion for a new trial, was a part of the unfinished business of the Court, it was properly heard by his Honor, Judge Gary.

Appeal dismissed.

MR. JUSTICE WATTS *disqualified.*