No. 844

GAMMEL et al v. SISSER

Ohio Appeals, 8th District, Cuyahoga County

No. 4410. Decided Sept. 24, 1923

115. CORPORATIONS. Failure to sign waiver of selection at incorporation held not misrepresentation of corporation's defects—171. ESTOPPEL. Director of corporation estopped to deny corporate capacity — 281. PARTIES. Making principal and agent joint defendants is misjoinder.

VICKERY, J.

Epitomized Opinion

This was an action for deceit brought by Sisser against R. E. and R. W. Gammel. The principal misrepresentation set forth was that the Gammels represented that a certain company was a corporation when it was not. While the corporation in question was a going concern, Sisser made application to purchase 30 shares of stock. At the time there was only 8 shares of stock in the treasury. In order to give Sisser his quota R. E. Gammel turned back into the treasury 17 shares and R. W. Gammel turned back 5 shares. Later Sisser was elected director and assisted in passing a resolution increasing the capital stock of the company, and the stock that had been loaned to the company by the Gammels was returned to them. Later the company got into financial difficulties and R. E. Gammel pursuaded all the stockholders, including Sisser, to contribute $100 to keep the concern on its feet. When the plaintiff's note became due he refused to pay it, and brought this action. The evidence disclosed that R. W. knew nothing about the transaction, but the plaintiff attempted to hold him on the ground that R. E., in addition to acting for himself, had acted as R. W.'s agent. The trial rescinded the contract, whereupon error was prosecuted. In reversing the judgment of the lower court, it was held:

1. Although the incorporators did not sign a waiver for the election of directors, yet the company was at least a de facto corporation, and there-

fore no misrepresentation was made as to the character of the organization.

2. As plaintiff was a director in the company for some time and treated the company as a corporation, he is estopped from later setting up the fact that the concern is no corporation.

3. As the principal and agent cannot be jointly sued except where they act jointly in committing the act in question, there is a misjoinder of causes of action and parties where they are made joint defendants in the same action.

Attorneys—Smart, Ford, Taylor & Hasselman, for Gammel; Mills ,Knight & Miller, for Sisser.

---

No. 845

LENZ v. LENZ

Ohio Appeals, 2d District, Franklin County

No. 1117. Decided Oct. 11, 1923

166. ERROR.

Order modifying order of contempt to enforce order of custody of children is reversible.

BY THE COURT.

Epitomized Opinion

John Lenz filed a motion supported by affidavit in the Common Pleas Court of Franklin county citing Alta Lenz for contempt. The trial court made an order concerning the custody of the parties' child. Later, and after the contempt charges had been filed, the court modified its former order upon the ground that conditions with respect to the custody of the child had changed and that the child should remain with the mother. When the contempt charges were heard the court held that neither party should be punished for contempt. From this finding the plaintiff John Lenz prosecuted error. The defendant filed a motion in the Court of Appeals to dismiss the proceedings in error for want of jurisdiction. In overruling the motion, the court held:

An order modifying a former order as to the custody of a child and based upon changed conditions is reviewable on error, even though the modifying order is only temporary in character.

Attorneys—C. E. Belcher and J. D. Karns, for plaintiff; C. M. Addison, for defendant.