PEOPLE v. MOSLEY.

1. CRIMINAL LAW—LARCENY BY CONVERSION—EVIDENCE—PRINCIPAL AND AGENT—QUESTION FOR JURY.

In a prosecution for larceny by conversion, where defendant was charged with converting to his own use money paid him by the vendees in a land contract to be paid to the vendor, the issue as to which of the parties defendant was acting as agent for, *held*, under the evidence, a question for the jury.

2. SAME—VARIANCE—QUESTION FOR JURY.

The question as to the ownership of said money, *held*, under the evidence, one of fact for the jury.

3. APPEAL AND ERROR—NEW TRIAL—IN ABSENCE OF EXCEPTIONS WHETHER VERDICT AGAINST GREAT WEIGHT OF EVIDENCE NOT REVIEWABLE.

In the absence of exceptions to the denial of defendant's motion for a new trial, the question as to whether the

verdict is against the great weight of the evidence is not before the Supreme Court for review (3 Comp. Laws 1915, § 12635).

4. NEW TRIAL—DEATH OF TRIAL JUDGE DOES NOT ENTITLE DEFENDANT TO NEW TRIAL.

The death of the trial judge after defendant's conviction and pending the hearing of a motion for a new trial which was denied by another judge of the same court, *held*, not to entitle defendant to a new trial as a matter of right (3 Comp. Laws 1915, § 12636), since he was not thereby · prevented from having his conviction reviewed.

5. CRIMINAL LAW—TRIAL—INTENT.

The charge of the court, *held*, to have ·fully presented to the jury the issues involved, including defendant's intent.

Error to recorder's court of Detroit; Wilkins (Charles T.), J. Submitted January 17, 1924. (Docket No. 128.) Decided March 5, 1924.

Orie S. Mosley was convicted of larceny by conversion, and sentenced to imprisonment for not less than 2½ nor more than 5 years in the State prison at Jackson. Affirmed.

*Cecil L. Rowlette,* for appellant.

*Andrew B. Dougherty,* Attorney General, *Paul W. Voorhies,* Prosecuting Attorney, and *Frank B. Ferguson,* Assistant Prosecuting Attorney, for the people.

WIEST, J. Defendant was convicted of the crime of larceny by conversion of $79.80, the property of Wade M. Moore, Josephine Moore, Eugene Gilliard and Etta Gilliard. The Moores and Gilliards purchased from Alfred Brouillard some property on land contract. Defendant represented the purchasers and it was agreed they should leave the payments, as they fell due under the contract, with defendant, and Mr. Brouillard would call and get them. The purchasers paid defendant $3 per month for his services in figur-

ing the interest and handling the money.   A payment
of $79.80 was left with defendant by the purchasers
and he converted it to his own use.

At the trial defendant claimed he was' Brouillard's
agent and moved for a directed verdict.   This was
denied.   Upon this question the evidence presented an
issue of fact and the trial judge very properly left the
same to the jury.   At the trial defendant urged a
variance between the charge in the information and
the proofs with reference to the ownership of the
money.   We do not think the evidence was so clear
upon this as to remove the question of ownership of
the money from one of fact for the jury.   Defendant
insists the verdict is against the great weight of the
evidence.   This was presented in the trial court by
motion for a new trial, but, in the absence of a re-
quest for reasons for denying a new trial and ex-
ceptions thereto, the question is not before us for
review.   3 Comp. Laws 1915, § 12635; *Mahder* v.
*Wax,* 192 Mich. 479; *Vezina* v. *Shermer,* 198 Mich.
757; *Marsh* v. *Rogers, ante,* 290, handed down here-
with.

Defendant was tried before the late Judge Charles
T. Wilkins.   A motion for a new trial was filed, but
before presentation Judge Wilkins died and the motion
was presented to another judge of the same court and
denied.   Defendant claims the death of Judge Wilkins
gave him a right to a new trial under holdings in *Tefft*
v. *Windsor,* 17 Mich. 425; *Crittenden* v. *Schermerhorn,*
35 Mich. 370; *Wright* v. *Judge of Superior Court,* 41
Mich. 726; *De Haas* v. *Newaygo Circuit Judge,* 46
Mich. 12.   The death of Judge Wilkins in no way pre-
vented defendant from having his conviction reviewed
(3 Comp. Laws 1915, § 12636), and did not entitle
him to a new trial.   Since the enactment of this
statute in 1879 the death of the trial judge does not
interfere with right of review.

We find no record of a motion for a new trial on this ground and might, for that reason, refuse to consider the point because raised in this court for the first time. The cases cited do not warrant a new trial. No requests to charge were preferred. The charge has been examined with reference to the alleged errors therein and found to have fully laid before the jury the issues involved, including the felonious intent of defendant.

We find no reversible error and the conviction is affirmed.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, and FELLOWS, JJ., concurred. McDONALD, J., did not sit.