**BLANCHET et v CLEVELAND**

**WINDSHIELD CO.**

Ohio Appeals, 6th Dist., Lucas Co.

No. 2075. Decided Nov. 26, 1928.

Tracy, Chapman & Welles and Frank Harrington, Toledo, for Blanchet.

Fraser, Hiett, Wall & Effler, Toledo, for Windshield Co.

**RICHARDS J**

Many alleged errors are relied on for a reversal of this judgment, but it will not be necessary to separately discuss all of them. The record discloses that Blanchet and Thornburgh formed, with others a partnership known as the Union Body Company, and later a corporation of the same name was formed, taking over the business of the partnership. While the partnership was still in existence, an order was given to The Cleveland Windshield Company for 500 windshields at $8.90 each. At the request of the windshield company Blanchet and Thornburgh gave their personal written guaranty of the payment of that order. It is true that the writing recites that they "hereby jointly endorse this order," but it is manifest that they use the word "endorse" in the sense of guaranty. The entire amount due for windshields furnished under this order was paid, except the sum of $71.20. The Union Body Company failed in business, and the original action was brought to recover against the defendants as guarantors of the indebtedness. As a defense to the first cause of action, it is alleged that there was an accord and satisfaction, but we find under the evidence that there was no accord and satisfaction, and no error was committed by the trial court in rendering judgment for that amount. The amount which was paid was not tendered in full payment of the account and there was no dispute as to the amount owing by The Union Body Company to The Cleveland Windshield Company, nor was the payment made conditioned that it should constitute payment in full.

About four months after the above order was given an additional order for 500 windshields was given by the Union Body Company through its vice-president. A few days later The Cleveland Windshield Company requested that Blanchet and Thornburgh would give their personal endorsement of the order. On March 4, 1925, two days after that request was made, a letter was written to The Cleveland Windshield Company, acknowledging receipt of the letter mentioned and containing this language:

> "Mr. Thornburgh and the writer are pleased to herewith endorse this order, and thank you very much for bringing the matter to our attention."

This letter is signed "Union Body Company, B K Blanchet, vice-president." It is urged that this letter, taken in connection with the previous guaranty by Blanchet and Thornburgh, and the course of business of the parties, amounts to a further guaranty by them of payment for the 500 additional windshields. We think the word "endorse" contained in this letter was manifestly used and understood by the parties to be used in the sense of guaranteeing payment for the order. **General Code Section 8621,** absolves a party from liability for the indebtedness of another, unless the agreement upon which the action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully

authorized. We find nothing in the record which shows that Thornburgh authorized the writing of the letter of March 4th, endorsing or guaranteeing payment of the second order, but in view of the specific language in the writing: "Mr. Thornburgh and the writer are pleased to herewith endorse this order," and the fact that this is signed with the name of Blanchet, he must be held to have individually endorsed the same and to be personally liable thereon as guarantor.

From what has been said it follows that the judgment on the first cause of action must be affirmed as to both Blanchet and Thornburgh and the judgment on the second cause of action must be affirmed as to Blanchet and reversed as to Thornburgh.

Williams and Lloyd, JJ, concur.