NORTH ELEC MFG CO v SHELLEY

Ohio Appeals, 3rd Dist, Crawford Co

No 1185. Decided July 10, 1929

Charles Gallinger, Bucyrus, for Mfg Co.
B. J. Cattey, Crestline, for Shelley.

HUGHES, J.

The petition does not allege facts sufficient to constitute a cause of action in that it contains no averment that the garnishee actually owed money to the judgment debtor. But, no objection was made to the introduction of evidence upon this ground at the trial, which was before the court, a jury having been waived.

The bill of exceptions shows that plaintiff had recovered a judgment of seventy-five dollars and costs against McBerty; that the defendant here had been duly served as garnishee, and as a matter of fact was indebted at that time to McBerty in the sum of four hundred dollars.

While the order to pay in, made by the justice, is in...... dollars, as above indicated, it was in fact an order to pay dollars and cents sufficient to discharge plaintiff's judgment, provided, of course, the garnishee was indebted in that amount to the judgment debtor. The order made by the justice of the peace is not an adjudication between the plaintiff and the garnishee. It is but an assignment of the claim from the debtor to the creditor in attachment, to the amount of his judgment, and is notice to the garnishee that the claim that he owes to the judgment debtor, has been assigned to the judgment creditor in an amount equal to his judgment. If he fails to pay into court or to the attaching creditor, the amount of his claim, he is liable to him in a civil action.

The proceedings had before the justice of the peace simply authorizes the plaintiff in attachment, to take the place of the defendant and sue in his own name if the order is not complied with.

Our interpretation of this order in this case is that it was a notice to the defendant here of plaintiff's claim to the amount of the judgment and that McBerty's credit had been assigned to the plaintiff. Ignoring the order, he was liable in this action.

The failure to object to the introduction of evidence, made it proper for the trial court to adjudicate the issues supported by evidence, regardless of the pleadings, and it is too late now for the defendant to object to the insufficiency of the petition. **Bacon v. Daniels, 37 OS. 279 at 281.**

Before Judges Hughes, Justice & Crow.