## NIMON v KLEIN

Ohio Appeals, 1st Dist, Hamilton Co

Decided May 9, 1932

Samuel Saxe, Cincinnati, for plaintiff in error.

Nicholas Klein, Cincinnati, for defendant in error.

**HAMILTON, J.**

As above stated, the error complained of is the overruling of the trial court of the motion for a separate finding of fact and law. It is the law that where such a re-

quest is properly made, it is mandatory upon the trial court to make a separate finding of fact and conclusions of law. In this case, however, judgment was entered on December 30, 1930, which was the October term of that court, as created by statute, §1558-19, GC, which fixes the terms of the Municipal Court of Cincinnati, at three months each, beginning respectively on the first of January, April, July, and October of each year. . The motion for a new trial was not filed until the January term. §11578, GC, provides:

"The application for a new trial must be made at the term the verdict, * * * is rendered, etc."

The motion for a new trial, therefore, was not filed in time, and was properly stricken from the files.

We, therefore, have the situation of an application for a separate finding of fact and law with reference to a final judgment rendered at a preceding term, a judgment over which the trial court had lost jurisdiction.

While §1147, GC, which provides for a separate finding, does not in terms put a limitation as to the time in which to make the application, a fair construction is that the request should be made prior to final judgment in the case. Had the motion been filed within time, the judgment would have been but a finding, and would not have been a final judgment. The absence of such motion, as above stated, there is no such motion, having been properly stricken from the files, the judgment rendered at the October term was a finality. The request for separate finding of fact and conclusions of law came too late.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is affirmed.

ROSS, PJ, and CUSHING, J, concur.