## PARKER v DALES

Ohio Appeals, 9th Dist, Summit Co

No 1944. Decided Feb 1, 1933

Rockwell, Grant, Thomas & Buckingham, Akron, for plaintiff in error.

Smoyer, Kennedy, Smoyer & Vogel, Akron, for defendant in error.

PER CURIAM

The first error relied upon and strenuously urged to this court is that the trial court committed prejudicial error in refusing to make a finding of facts separate from its conclusions of law, and in refusing to answer said interrogatories.

By §§11463 (now 11420-17), 11470 (now 11421-2) and 11471 (now 11421-3 GC) there isn't any doubt but that when a case is tried to the court without a jury, a party to the litigation, upon timely request, is entitled to have a finding of facts separate from the conclusions of law, when the case is decided, and to have proper interrogatories answered by said court.

**Cleveland Produce Co. v Dennert, 104 Oh St 149,**

Many cases have been cited to us upon this proposition by both parties, and we have examined them and others, and we are unanimously of the opinion that a motion for a finding of facts, separate from conclusions of law, ought to be made before the case is submitted to the trial court for its decision, but in any event must be made before the case is decided by the trial court; and a litigant cannot wait until an adverse decision is rendered against him and then ask the court to state its findings of fact separate from its conclusions of law.

When interrogatories are submitted to a trial court, the right to do so is governed by §11471 GC (now §11421-3 GC); so they ought to be submitted at the same time they would be submitted ordinarily to a jury, which would be not later than the time the case is submitted to the court for its decision. The interrogatories in this case were not only submitted too late, as is shown by the record, but if they had been submitted in time we could not predicate error upon the court's refusal to answer them because they are not attached to and made a part of the bill of exceptions, and we would therefore be precluded from passing upon this question. We find no error in the record in this regard.

Counsel for plaintiff further claim that the court erroneously considered time as being of the essence of this contract, and also claim that, if time was of the essence in this contract, defendant by his own conduct waived his right to rescind because of its nonperformance within the time stipulated.

We find nothing in the record to indicate whether or not the court decided the case on this issue, and find that it was not necessary for the court to decide the case on that issue, and find that it was not shows that his offer to perform was not according to the terms of the contract, but was on a new and wholly different basis, in the following particulars: first, in that he offered a deed for the property encumbered not merely with a mortgage as he agreed to do, but with a pending suit to foreclose the same, together with information as to how the same could be settled by defendant, instead of settling the suit himself and tendering a deed for the property clear of encumbrance except the mortgage; second, the information as to how the suit could be settled provided that the payment due March 1 was to be paid at once, instead of at its due date; third, the fee of $5 required by the mortgagee, the Kentucky Land Bank, for transfer, which was a part of the condition upon which the foreclosure

suit could be settled, was not provided for in the contract and was not tendered or paid; and fourth, the taxes due as a condition precedent to the settlement of the foreclosure suit, were materially higher than the amount estimated in the contract.

In connection with this fourth particular, it might be stated that the record does not show the correct or an agreed amount of taxes due. The amount stated in the contract is "about $406"; the abstract shows it to be $409.22, plus interest, cost of certification, advertising and penalty, which amount could only be determined on the day of payment; the note and chattel mortgage offered by plaintiff to cover taxes was in the amount of $436.04; and the letter of the attorney for the mortgagee, giving the terms of settlement, fixes the amount at $543.47.

It is thus apparent that plaintiff did not make a tender within the terms of the contract so as to require performance on the part of defendant.

On the question of whether the defendant, by his own conduct, waived his right to rescind the contract because of its nonperformance within the stipulated time, we find that there is a great deal of conflict in the evidence in that particular, and we think, from our examination of the record as a whole, that it involves only the weight of the evidence and is not a question of law, and that we cannot say that the judgment upon the facts is manifestly against the weight of the evidence.

We therefore cannot find on this record that the decision of the trial court was wrong.

Judgment affirmed.

PARDEE, PJ, WASHBURN and FUNK, JJ, concur in judgment.