## BROWN v BROWN

Ohio Appeals, 2nd Dist, Franklin Co

No 2347.  Decided Aug 3, 1933

Druggan, Gingher and McNamara, Columbus, for plaintiff in error.

George Dixon, Columbus, and D. E. Evans, Columbus, for defendant in error.

## OPINION

BY THE COURT

Submitted on motion of plaintiff to dismiss the appeal.

Two grounds:  First, cause not appealable; second, no final order or judgment has been rendered in the Common Pleas Court.

Considering the questions presented in reverse order, we are satisfied that the award of the custody of a minor child upon final hearing of the cause on its merits is a final order from which error may be prosecuted.

That this cause is not appealable is no longer an open question in Ohio.  **West v West, 100 Oh St, 33,** is decisive against the claim of the plaintiff herein.  This case went to the Supreme Court from this court. The question presented clearly tested the right of appeal from an order modifying a custodial award of minor children.  This court and the Supreme Court both held that such an order was not appealable. The motion to dismiss will therefore be sustained.

HORNBECK, PJ, KUNKLE AND BARNES, JJ, concur.

## ON MOTION FOR REHEARING.

Decided Aug 12, 1933

BY THE COURT

Submitted on motion of defendant for rehearing.  For the reasons stated in our opinion, sustaining the motion to dismiss the appeal, the motion for rehearing will be overruled.

**West v West, 100 Oh St, 33,** is the last pronouncement of the Supreme Court on the question presented on the motion.  In our judgment it is determinative against the claim of the defendant that he has a right to appeal.  If the Supreme Court is in error it is the court to correct the error. If we are in error determining the scope and effect of the decision in West v West, supra, the Supreme Court will set us right.

Discussing the West case the author of Ohio Jurisprudence, **14 O. Jur., 547,** says:

"The Court of Appeals does not have jurisdiction to review by appeal an order for the care, custody, or support of minor children, made in a proceeding for divorce or alimony.  This results from the fact that such proceedings are not regarded as chancery proceedings, within the meaning of **Par. 6 of Article 4 of the Ohio Constitution,** which restricts the appellate jurisdiction of the Court of Appeals to chancery cases."

**Varsey v Varsey, 25 O.C.C. (N.S.), 229** cited by defendant is authority for appeal in cases involving the care, custody or maintenance of minor children prior to the Ohio Constitution of 1912.

**Bower v Bower, 90 Oh St, 172,** also cited, was decided in the Supreme Court in 1914, but the question arose in the trial court prior to the Constitution of 1912.  The decree of divorce was granted April 2, 1909.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.