**HEILAND, Plaintiff-Appellant, v HILDEBRAND, Defendant-Appellee.**

Ohio Appeals, Second District, Miami County.

No. 437. Decided December .7, 1946.

Roland D. Beery, Piqua, for plaintiff-appellant.
A. W. DeWeese, Piqua, for defendant-appellee.

## OPINION

By HORNBECK, P. J.:

This appeal was noted as upon law and fact but as it was predicated on a money judgment, manifestly it could not be such type of appeal and counsel have at all times presented it as an appeal on questions of law. The Court will so consider it.

At the outset, we are confronted with a motion of the Appellee to dismiss the appeal for the reason that no motion for new trial was filed within the period prescribed by law.

If it be granted that the motion was not filed within time, the appeal would not be dismissed but we would be precluded from considering any assignment of error involving the weight of the evidence.

Two Sections of the Code are to be considered in determining the time when the motion for new trial was required to be filed, §11578 GC before the recent amendment, and §11578 GC as amended, effective October 11, 1945.

This action was instituted on April 6, 1945, trial was had on December 14, 1945, and the trial judge on that date orally stated what his finding would be. Under 11578 GC, before amendment, the motion for new trial was required to be filed within three days after the "verdict or decision is rendered."

Under the amended section "The application for new trial must be made within ten days after the journal entry of a final order, judgment or decree, has been approved by the Court in writing and filed with the Clerk for journalization, * * *." Sec. 26 of the Code controls determination as to which of the sections §11578 GC controls. The provisions of the amended section clearly relate to the remedy, but there is no expression in the language of the section to indicate that it shall affect pending actions, therefore, it may not be given application to this action and the old section controls.

The motion for new trial, having been filed more than three days after the so-called verdict, would be too late if it was in fact directed to a verdict. But, as we have heretofore stated, it would not require or permit a dismissal of the appeal in its entirety.

The motion will be overruled.

The term of the trial judge who heard the case in the first instance expired on January 1, 1946. Plaintiff filed two motions, one on December 15, 1945, and the other, to which we have heretofore alluded, the motion for new trial, on January 4, 1946.

The action was for money claimed to be due plaintiff for parts furnished and labor performed in the repair of a motorcycle of the defendant. Based upon an account, the amount claimed was $70.41, with interest. The itemization of the account showed charges made under date of February 2, 1943 totalling $80.41, upon which there was a credit of $75, leaving a balance due at the date of payment, April 16, 1943, of $5.41. Other charges were made of date April 6, 1945 in the sum of $65. These charges were for the exchange price of one clutch, one crank shaft, labor, and sales tax. The answer denied any indebtedness whatever except $5.41 and plead a tender of this amount. It further averred that the items set up in the account under date of April 6, 1945 were included in the original account of $80.41. The reply generally denied the new matter set up in the answer, admitted the tender and refusal of draft for $5.41.

The motion of December 15, 1945, moved the Court to make separate findings of law and fact, and specifically to answer five interrogatories set out. Upon the receipt of this motion, the trial judge assigned it for hearing on the 5th of January, 1946. Judge DeWeese, who succeeded the trial judge, had at the time of the original hearing represented the defendant and was therefore disqualified to sit in the cause.

Upon disclosure of these facts, Hon. S. R. Turner was named acting judge. He then considered the motion for new trial and the motion for separate findings of law and fact and

for answer to the five interrogatories set forth, and prepared a written opinion with which we have been favored. This opinion shows the result of intensive examination of the difficult questions presented and is well and carefully prepared. In it is considered all of the questions which are urged in the assignments of error in this court.

We give attention to all of them because required to do so, as against the possibility that we may be in error in the one determinative question upon which our decision is predicated.

The decisive proposition, in our judgment, is that no verdict was rendered in this cause, and none having been filed with the Clerk (§11420 GC) there was no basis for any of the proceedings which followed thereafter and for the judgment which was entered.

There being no Bill of Exceptions which we may consider, there is nothing exemplified in the record which discloses that a verdict in any form was pronounced and certainly none was ever returned in writing, entered on the trial docket, or filed with the Clerk of the Municipal Court.

If we had recourse to the Bill of Exceptions it would show only that, at the conclusion of the trial, the court made the following oral statement:

"The Court finds for the plaintiff and assesses his damages at $5.41 and one-half the costs."

This in our judgment in no particular meets the requirements of the law. Cox v Cox, 18 Oh Ap 25, affirmed 108 Oh St 43. The syllabus in this case in the Court of Appeals is:

"An oral announcement by the trial court, at the close of the testimony in a divorce proceeding, that a decree is granted, is not a judgment and does not dissolve the marital contract where no decree is entered on the minutes of the court."

We consider the other assignments of error. The acting judge made separate findings of law and fact but refused to answer the interrogatories, holding that they were but evidential and did not establish any ultimate fact as to any issue presented. We reach the same conclusion but not for the same reason. In our judgment the answers to the interrogatories would have been material to and determinative, in part at least, of any judgment because they affected the one issue between the parties, namely, the installation of the clutch and crank shaft, and particularly whether or not, if it had been

installed, it had been paid for, and whether or not all the charges for labor in the account represented work done by the plaintiff.

The court was correct in refusing to answer the interrogatories, first, because no verdict had been rendered. But it is asserted that the acting judge, successor to the trial judge, had no authority to entertain the motion for new trial or to consider and determine the motion for separate findings of law and fact and answers to the interrogatories.

There is a marked dearth of opinion of the courts of Ohio on this interesting question. At common law there would be no power in a succeeding judge to consider and overrule a motion for new trial and it would be granted for that reason. In some of the states we have statutes granting full power to hear and determine a motion for new trial to a succeeding judge. In Ohio our Code is silent on the question. One case in Ohio is cited which arose in this jurisdiction. **Oldham, et al v Winget, 47 Oh Ap 287.** The Court there held that there was no error in the successor judge passing on the motion for new trial and relied upon the opinion of Yaple, J., in Chesapeake & Hocking Railroad Co. v Orr, 27 N.P.N.S. 393. In the principal case and the case upon which the Court relied, the chief issue was one of law rather than a dispute as to the facts.

However, outside of Ohio the trend of later authority is to the effect that a successor judge may pass on a motion for new trial even though the weight of evidence is involved. 39 Am. Jur. 194; People ex rel. Hambel v McConnell (Ill. S. Ct. 1895) 40 N. E. 608; Camelin v Smith (Colo.) 128 Pac. 1125; Noonan v Lamson (Minn.), 147 N.W. 654; Southall v Evans (Va.), 1913) 76 S. E. 929, which in factual situation is much like the instant cause. And even in criminal cases, Boyles v People (Colo. S. Ct. 1931) 6 Pac. (2d) 7; Clark v State (Okla.) 232 Pac. 953; State v Madry (S.C.) 76 S. E. 977; People v Mosley (Mich.) 197 N. W. 541; State ex rel Cosgrove v Perkins (Mo.) 40 S. W. 650. Many of the earlier cases which we do not cite held to the contrary.

That a successor judge should pass on the motion for new trial where the transcript of testimony at the original trial is available is but logical in the concept of our practice. Such a judge in passing on the motion in a civil case does not determine whether the verdict is supported by a bare preponderance of the evidence but whether it is manifestly against the weight thereof or there is an entire insufficiency of evidence to support the verdict. This presents an entirely different status than that with which a trial judge is faced in resolving the factual questions in the first instant.

The more serious question in this proceeding is whether or not the acting judge could pass upon the special interrogatories and make the separate findings of fact. The question is new in Ohio.

Sec 11421-2 GC provides:

"When questions of fact are tried by the court, its finding may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

This section applies to municipal courts. 29 O. Jur. 35, par. 35. This obligation has many times, without exception, been held to be mandatory and includes the obligation to answer all interrogatories involving the ultimate facts of the controversy. **Cleveland Produce Co. v Dennert, 104 Oh St 149; Gale v Priddy, 66 Oh St 400; Woodruff v Paschen, 105 Oh St 396; Indemnity Co. v Wassman, 120 Oh St 72; Mellon v Weber, 115 Oh St 91;** Ellis v Twiggs, 17 O. C. C. (N.S.) 172.

The request must be timely made. **Yetter v Kleinman, 34 Oh Ap 433; Barnes v Butler Lumber Co., 38 Oh Ap 445, 9 Abs 357.** Several appellate courts have held that the request may be made at any time before final judgment. Yetter v Kleinman, supra; **Nimon v Klein, 43 Oh Ap 314, 12 Abs 287;** Parker v Dales, 13 Abs 655; **Bloom v Klein, 36 O. L. R. 552.** The Supreme Court has not considered or passed on the express question but in **Bittman v Bittman, 129 Oh St 123, 1 Oh Ap 435,** it has held that in the absence of any rule of court governing the making of applications for findings of fact and conclusions of law, requests for special findings in a divorce action, one of which was filed after the decision in the case, and on the day that the judgment granting the divorce was rendered and another of which was filed after a motion for new trial but before the motion had been acted on by the court, are made in due time. It follows that the motion for such findings of law and fact and the requests to answer such interrogatories in this case was timely filed.

But for this last cited case which is controlling on this court there are many moving and cogent reasons why such requests should be made prior to the general finding of a trial judge acting in the absence of a jury. This would be in harmony with the express provision of statute relating to jury trials and not in conflict with any provision of the sections of the code controlling trials of law cases by a judge without

a jury. Sec. 11420-17 GC providing for special findings of facts by a jury makes it necessary that the request for such findings be made prior to the rendition of the verdict and that it be so done has been held in T. & O. C. Ry. Co. v Beard, Admr., 20 O. C. C. 681.

Sec. 11421-3 GC provides:

"So far as in their nature applicable, the provisions of this chapter respecting trials by jury, apply to trials by the court."

If the requirement as to the time when the request for special findings of fact in jury cases was applied in trials to a judge only, the question of the right of a successor judge to make such determination would never arise because the special findings would be made when. or prior to the time, the general finding would be filed.

But the serious question here is whether or not the acting judge could answer the special interrogatories and make the special findings of law and particularly of fact.

, A judge acting in the trial of a law case without a jury, is the trier of the facts. Newland v State, 29 Oh Ap 135, 7 Abs 39; Central Community Chautauqua System v Rentschler, 31 Oh Ap 525, 7 Abs 291, and tests the credibility of witnesses as would a jury and his finding has the same effect and is entitled to the same weight as a verdict. To make determination of a special finding of facts requires the same test as is applied in the first instant in returning a general verdict. In our judgment, it is an entirely different test than is applied upon a determination of the motion for new trial and may not be performed by the successor judge. We have found two cases somewhat analogous in principle holding as we do, Chiricahua Ranches Co. v State, et al. (Ariz. S. Ct. 1934) 39 Pac. (2d) 640, 6th syl.; Mace v O'Reilly, (Cal.) 11 Pac. 721.

Another error is assigned to the effect that the trial judge at the original hearing and the acting judge in passing on the motion for new trial and making separate findings of law and fact, grounded their findings upon a development in the evidence which was not properly considered because, if it was a defense, it was an affirmative defense. We may not resort to the Bill of Exceptions but if there was a basis for the separate finding of law and fact we could consider this finding on the present assignment of error.

It fairly appears from the separate finding of fact that the refusal to grant the motion for new trial was based upon the evidence that the plaintiff had removed a crank shaft and

a clutch from a motorcycle, in the garage of plaintiff, which was owned by a Dayton resident. From this it was concluded that plaintiff had wrongfully appropriated this part and that part of his claim was based on his own wrongful act, for which he could not make recovery.

An examination of the pleadings is convincing that there is no affirmative defense pleaded permitting the introduction of the testimony upon which this finding of fact is predicated. If this was a defense, it constituted an estoppel which under the law is affirmative and must be set up to be made available. **Springfield Loan Co. v National Guarantee and Finance Co., 30 Abs 583.**

We recognize that if we were testing only a general finding here for the plaintiff we might be required to give application to the legal principle that a court may adjudicate an issue supported by evidence, regardless of pleadings where there has been no objection to the introduction of evidence. **North Electric Mfg. Co. v Shelley, 32 Oh Ap 379, 7 Abs 494.** However if our conclusion is correct this cause will have to be retried and if it is expected to assert this affirmative defense it should be pleaded and it may not, in the absence of an amended answer, be advanced for the purpose of such defense if objection is made to the reception of any testimony offered relating to that purpose.

The final assignment of error is that the judgment is not sustained by sufficient evidence and is contrary to the weight thereof and is contrary to law. As there was no motion for new trial duly filed, we cannot pass upon this question except as it is considered in the assignment respecting estoppel.

We restate the basic ground upon which we predicate the reversal in this cause. It is essential to a judgment in an action at law that there be a verdict or a finding in lieu of the verdict. No such finding was made in this case. We are cited to **Re Estate of Lowry, 140 Oh St 223,** wherein it was held that the filing of the decision of the trial judge was the basis for the filing of a motion for new trial, but it should be observed that in the cited case the trial judge rendered a written opinion on the issues presented and that it was filed in the Probate Court of which the judge is clerk ex officio.

All other questions here decided are merely ancillary to the principal and determinative question which we have discussed.

The judgment will be reversed and the cause remanded for a new trial.

WISEMAN, J and MILLER, J, concur.