**FISK, Plaintiff-Appellant, v. GLECHOFF et, Defendant-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22237.   Decided December 3, 1951.

Allison M. Gibbons, Cleveland, for plaintiff-appellant.
Griswold, Leeper, Miller & Corry, Cleveland, for defendant-appellees.

**OPINION**

By HURD, J:

This cause originating in the Municipal Court of the City of Cleveland as an action for money only, is here appealed on questions of law.

The case came on for trial on October 3rd and 4th, 1950, at which time evidence was presented by the respective parties. Following the presentation of evidence, briefs were filed and on January 2, 1951, the trial court made the following entry:

"Parties in Court. Trial had. Court finds for defendant and renders judgment for said defendant and for costs against plaintiff."

This entry was made in the absence of the parties. Notice of the judgment, as journalized, was given by postal card and received by the parties January 3, 1951, On January 4, 1951, the following entry appears:

"Motion by plaintiff for new trial with brief, filed and request by plaintiff for separate findings of fact and conclusions of law filed."

Thus, it will be observed, that the day following **notice of the entry of judgment,** by the court, a request for separate conclusions of fact and law was presented. After the filing of additional briefs, the trial judge made an entry on April 9, 1951, overruling the motion for new trial and denying the request for separate findings of fact.

There are four assignments of error, as follows:

1. Trial court refused to make separate findings of fact.

2. Trial court erred in admitting parol evidence to vary and contradict terms of a written contract.

3. Trial court erred in refusing to strike from defendant's answer the allegations that "plaintiff's Exhibit B never became a part of the contract" and in admitting oral evidence to prove the same.

4. Trial court erred in rendering judgment for defendants instead of in favor of plaintiff, on the pleadings and the evidence.

No bill of exceptions was filed with this appeal, consequently we are unable to consider assignments of error,

Numbers Two and Four because the same relate entirely to questions of admission and rejection of evidence and the weight of the evidence. See: **Carroll v. Employers Liability Ins. Corp., 46 Oh Ap 220; In re Marshall Estate, 78 Oh Ap 282.**

The third assignment of error appears to be a question of mixed law and fact which having in part to do with evidence, likewise cannot be demonstrated in the absence of a bill of exceptions.

This leaves for our consideration assignment of error No. 1 which presents two questions for decision: (1) is a request for such conclusions made in sufficient time when it is filed the day following the municipal court's notice of entry of judgment? (2) does it appear from the record in this case that appellants were not prejudiced by the court's refusal?

**Sec. 11421-2 GC,** provides:

"When questions of fact are tried by the court its findings may be general for the plaintiff or defendant, unless, with a view of excepting to the court's decision upon questions of law involved in the trial, one of the parties so requests, in which case the court shall state in writing conclusions of fact found separately from conclusions of law."

It will be noted that the section is silent as to the time when such request shall be made. Therefore, it is necessary to look to decided cases to determine when and under what circumstances a request is timely made. The most authoritative pronouncement on this subject is to be found in the case of **Levick v. Bonnell, 137 Oh St 453.** That case originated in the Municipal Court of Cleveland and was also an action for money only, the facts of which are closely analogous to the instant case. That case went to trial before a court and jury, but when both parties moved for a directed verdict at the close of all of the evidence, the trial court was thereby clothed with jurisdiction to adjudicate the issues. Thereupon the court overruled defendant's motion, granted plaintiff's motion and entered judgment for plaintiff in the sum of $671.00 and costs.

The following day, the defendant filed in writing a request for separate findings of fact and conclusions of law which was denied by the trial court. On appeal to the Court of Appeals, the case was "reversed for error of law in refusing to make findings of fact and law as requested." The Supreme Court, upon the allowance of a motion to certify, affirmed the judgment of the Court of Appeals. The second paragraph of the syllabus is as follows:

"2. **Sec. 11421-2 GC** applies to cases tried before the Municipal Court of Cleveland, other than those cases within the exclusive jurisdiction of a justice of the peace."

At page 456 of the opinion, Turner, J., speaking for the court, said:

"In the Municipal Court (of Cleveland) journalization of the court's order is a somewhat informal matter. In this case there was no entry submitted to counsel. The defendant had no opportunity to make the request before it was journalized. To require parties to make the demand for conclusions in advance would increase unnecessarily the work of the trial court. **We hold that the request for conclusions made in this case on the day following the entry of the court's judgment was in time.**" (Emphasis and matter in parenthesis supplied.)

Counsel for defendant have cited a number of cases, including **Bloom v. Klein, 43 Oh Ap 314; Parker v. Dales, 13 Abs 655;** Toledo v. Barnes, 1 O. N. P. 188; **Yetter v. Kleinman, 34 Oh Ap 434,** all of which were decided prior to the Levick case, supra. Therefore, the holding in Levick v. Bonnell must be considered as decisive of the questions in this case, unless the legislative changes in procedure in respect of entry of judgments and motions for new trial, effective October 11, 1945, under §§11575 to **11578 GC,** as amended, make inapplicable now the principles therein pronounced.

**Sec. 11575 GC,** as amended, reads:

"A new trial is a re-examination, in the same court, of the issues, after a final order, judgment, or decree by the court."

This amendment changed the definition of a new trial from a re-examination of only the issues of fact in the same court to a re-examination of all the issues, both of law and fact, and by virtue of this amendment such motions are addressed to the judgment and are applications to vacate judgments as well as motions for new trial. See **Duemer v. Duemer, 82 Oh Ap 192; McAteer v. Western etc. Life Ins. Co., 82 Oh Ap 131.**

The applicable part of §11578 GC provides:

"The application for a new trial must be made within ten days after the journal entry of a final order, judgment or decree has been approved by the court in writing and filed with the clerk for journalization * * *."

Prior to the adoption of this amendment, the filing of a motion for a new trial within three days after the verdict or decision was a necessary prerequisite and the overruling of said motion was a final order from which appeal could be prosecuted. By analogy therefore a request for findings made before journalization of judgment was timely.

**Sec. 11599 GC** as amended Sept. 27, 1947, provides for the journalization of a judgment upon a verdict of the jury. It will be noted that this section applies by its language only to

cases tried by a jury, and it has been held that this section does not apply to a case tried by a court.

See also: **Craig v. Welply, 104 Oh St 312.**

A review and comparison of the statutes governing procedure after trial, both prior to and after the amendments, leads to the conclusion that the amendments do not make inapplicable the principle announced in Levick v. Bonnell.

We think we should allude to one distinguishing feature between the two cases, and that is, that in the Levick case counsel for the parties were in court at the time of the court's announcing, and entry of judgment. Whereas, in the instant case, the presentation of evidence was some sixty days prior to the judgment of the court which was entered in the absence of the parties and without their knowledge. The record shows that upon notice of the entry of judgment and "the informal manner in which it was entered in the Municipal Court," the plaintiff promptly filed a request for findings of fact and conclusions of law. Under the circumstances and deciding no more than we feel called upon to decide in this case, we must hold that the request for findings was timely made, and should have been granted.

We have examined the record in this case, and have concluded that the second question posed above must also be answered in the affirmative, because we are unable to determine without a bill of exceptions, and without conclusions of law and conclusions of fact that the appellants were not prejudiced by the court's refusal.

We have reached the conclusion, however, that it is unnecessary to re-try this case in the Municipal Court, but that it is necessary only to reverse and remand the case with instructions to the trial court to make findings of fact and conclusions of law, and to vacate the judgment and re-enter the same as of the date of the filing of such findings of fact and conclusions of law, thus reserving to the parties their respective rights of appeal, after such findings have been made. We have determined that this procedure will result in equal justice to all parties to this action and will enable the plaintiff to raise the issues of law attempted to be raised on this appeal.

An entry may be made accordingly. Exceptions noted. Order see journal.

SKEEL, PJ, THOMPSON, J, concur.