**KELLY et, Plaintiff-Appellant, v. KELLY, Jr. et, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4770. Decided May 16, 1952.

Joseph G. Rotondo, John F. Seidel, Columbus, for plaintiff-appellant.

Horace S. Kerr, Columbus, for defendant-appellee.

## OPINION

**By THE COURT.**

Submitted on motion of the defendant-appellee seeking an order dismissing the appeal for the reason that the order appealed from is not a final order. The order is in the following words:

"It is now ordered that at the end of the 1952 school year, the child of the parties hereto shall be surrendered to the defendant and he shall have said child in his custody until the end of the 1953 school year, in Columbus, Ohio, at which time

the child shall be returned to the mother; and such alternative periods of custody shall continue until the further order of this Court."

This Court held in the case of **Arnold v. Arnold, 67 Oh Ap 282,** that such an order was a final order and therefore appealable. See also, **Brown v. Brown, 15 Abs 316; Lenz v. Lenz, 1 Abs 816; Bower v. Bower, 90 Oh St 172.**

It is to be noted that the notice of appeal designates it as' being on questions of law and fact. This is not a chancery case and is therefore appealable only on questions of law. The Court on its own motion will dismiss the law and fact appeal and in accordance with Supplement to Rule VII will order the same retained for determination on questions of law only. The appellant will be granted leave to perfect said appeal in accordance with said rule.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

**KELLY, Plaintiff-Appellant, v. KELLY, Jr., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4770. Decided October 22, 1952.

Frank H. Ward, Joseph G. Rotondo, Joseph F. Seidel, Columbus, for plaintiff-appellant.

Horace S. Kerr, Columbus, for defendant-appellee.

## OPINION

By THE COURT.

The appeal is from an order of January 31, 1952, of the Common Pleas Court, sitting in the Domestic Relations Division, modifying an order of March 29, 1948, awarding the custody of a child of the parties, Janet, to the plaintiff.

The original order made provision for right of visitation to the defendant and required him to make payment of $7.00 per week for the support of the child.

The files disclose several motions of the defendant for changes in the custodial order none of which, save one, was granted, except as to right of visitation. On February 15, 1951, an order was journalized refusing to change the custody of the child from the mother. However, on March 9, 1951, the Court awarded the custody of the child to the defendant with rights of visitation to the mother. Thereafter, in an entry of May 10, 1951, on motion of plaintiff to the effect that she had not received notice of the motion to change custody which was the subject of the order of March 9, 1951, the trial judge set aside the orders of February 15, 1951 and March 9, 1951, and provided that the "cause proceed on the motion of defendant filed in this Court of January 24, 1951," and that it be assigned "to one of the Judges of the Court of Common Pleas of Franklin County or to some other Common Pleas Judge brought here for that purpose." At the inception of

the hearing it was stated by the Court and agreed by counsel that it was upon the application of January 24, 1951.

We have set out the proceedings and orders at some length so that we can determine what order and what motion we are to consider on this appeal.

The motion of January 24, 1951, seeks a modification of the final decree by changing the custody of the minor child of the parties from plaintiff to the defendant for the reasons that:

(1) The plaintiff is not giving said minor child proper care.

(2) The plaintiff is unfitted morally to have the custody of said minor child.

There is a motion of defendant of similar import of date March 12, 1951, but it was not the subject of consideration at the hearing.

The trial judge heard the motion and modified the former order by awarding the custody of the child to the defendant, beginning at the end of the 1952 school year and continuing until the end of the 1953 school year in Columbus, Ohio. at which time the child shall be surrendered to the mother; and said alternative periods of custody shall continue until the further order of the Court. Visitation rights were fixed.

Appellant assigns two errors: The first, the failure of the Court to grant the request of appellant for a separate finding of fact and law as provided by §11421-2 GC; the second, that the Court was not warranted under the evidence in making the change in the custodial order.

The trial was had on December 5th, 1951, the order of the Court was filed January 31, 1952, the application for special findings was filed February 6, 1952. This was too late under all of the authorities to require the Court to make the findings requested. The latest period within which the application may be effectively made is prior to the judgment or final order. **Bittman v. Bittman, 129 Oh St 123;** Bloom v. Klein, 36 O. L. R. 552; **State, ex rel. Kerns v. Beightler, etc., 38 Abs 615; Yetter v. Kleinmann, 34 Oh Ap 433; Nimon v. Klein, 43 Oh Ap 314.** Some cases have held that to be timely it should be filed earlier. Toledo v. Barnes, 1 O. N. P. 188; **Skillicorn v. McCormick, 29 O. L. R. 356; Parker v. Dales, 13 Abs 655.**

The second assignment of error. Does the record support the order?

We approach this question with full appreciation of the wide discretionary power of the trial judge in resolving the evidence for or against either party and with that prerogative we must not interfere. We appreciate also that the test which must be applied in making a change in a custodial

order is found in many adjudications but particularly, and controlling, in the 2nd syllabus of **Dailey v. Dailey, 146 Oh St 93,** that there must be either a change of conditions since the order sought to be modified or a discovery of material facts existent at the time of entering the previous order and then unknown to the Court. Manifestly, the only situation involved here is whether or not there has been such a change of conditions respecting the parties as to warrant a modification of the order.

There are two grounds of the motion to modify. The second, that the plaintiff is unfitted morally to have the custody of her child, fails because there is no evidence whatever to support it. Restricting consideration to the grounds of the motion only, as we are and the trial judge was required to do, there is left only the first ground of the motion, that the plaintiff is not giving the minor child proper care Also restricting our review to the record, as we must, this question must be decided upon the conduct of the mother on two occasions: First, when she removed the child from a hospital, and, second, when she would not put leggings on the daughter when the father called to pick her up.

We cannot find upon the most favorable view of the evidence that either of these occurrences, in the light of the background and rights of the parties and the date of the application on hearing, is of sufficient consequence to support a change of the custodial order.

It is evident that the child, Janet, at the time she was taken to the hospital and prior thereto, had bad tonsils and adenoids. That they should be removed it was agreed but the time when the operation should be performed and the surgeon who should perform it was a matter of disagreement between the parties. But it is conceded that in June, 1951, and prior to the time of the hearing the operation had been performed. It was not shown that the delay caused by the postponement of the operation materially affected the health of the child or that the mother had any knowledge that a delay would seriously affect the health of the child.

Was the act of plaintiff in removing the child from the hospital such misconduct and so inconsiderate and harmful to the health of the child as to justify the Court in modifying the former order? Manifestly, if she showed a reckless disregard for the health or welfare of her child the Court would have been justified, indeed it would seem to have been a duty. to summarily take the child from her.

It develops that the father got the child on Saturday It was then. or later, taken ill; he removed her to a hospital and possibly arranged with the surgeon to have her tonsils

removed. The defendant notified the plaintiff on Sunday that Janet had been taken to the hospital but not of the purpose to have her tonsils removed. Plaintiff went to the hospital as soon as she was notified. It is the testimony of the plaintiff's medical witnesses that certain preliminary treatment to remove infection was required before the tonsilectomy.

It will be noted that the defendant only had Janet by the visitation order which right ended Sunday at 6:00 P M. and the general right of custody was in the plaintiff Manifestly, if the operation was performed Janet would be held well beyond the expiration of the visitation period. The defendant did not inform the hospital of the true custodial situation and the child was thus accepted. The mother and her counsel, so she says, and it is undisputed, explained the facts to the hospital authorities who released Janet on the written authority of her mother. The mother wrapped the child in a blanket and removed her from the hospital. This may not have been the act of sober judgment, but in the emergency and stress under which the mother acted we cannot find that it establishes that the plaintiff was not giving the minor child proper and adequate care. Nor, is the custodial order as made, postponing the period when the mother should cease to have the child for almost a year consistent with the finding of neglect of the child by the mother who at all times had the prior right to determine if the operation should be performed.

The failure of the mother on one occasion to put leggings on the child was of insufficient consequence to support the modified order.

At the time of oral argument many statements were made which, if supported by the record, were clearly more probative of the second ground of the motion than anything which is to be found in the record upon which the trial judge acted. But the conduct of the plaintiff alluded to by counsel for defendant took place after the hearing upon which this appeal is predicated and cannot be considered by us.

Although we have discussed the evidence in this case at considerable length there is a development on the record that in itself would make it difficult, if not impossible, to affirm the order. The application for modification of the custodial order was filed January 24, 1951, but the act of the plaintiff upon which defendant most relies, the removal of the child from the hospital, did not occur until February, 1951. Dr. Anderson who recommended the hospitalization and the operation did not see Janet until February, 1951. Manifestly, the defendant could not have had this subject matter in mind when he filed his application for modification and it was only admissible

as corroborative of substantial proof of the first ground of the application. Independent of the hospital episode the evidence is entirely inadequate to support the order of modification.

The order must be reversed as against the manifest weight of the evidence. It will be so ordered.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.