**SEVERNS, Plaintiff-Appellant, v. COLUMBUS READY-MIX CORPORATION, Defendant-Appellee.**

Ohio Appeals, Tenth District, Franklin County.

No. 6040.   Decided May 26, 1959.

James F. Decker, Al Frericks, Columbus, for plaintiff-appellant.
Brownfield & Malone, John A. Carnahan, of Counsel, Columbus, for defendant-appellee.

## OPINION

By DUFFY, J.

This, a civil action, was begun in the Municipal Court of Columbus, Ohio.

Both parties agree that the trial was had on February 26, 1958, and submitted to the trial judge for decision.  On April 23, 1958, the trial judge rendered a judgment for the defendant by entering the judgment himself on the "half sheet" in accordance with the system used in that court.

On the same day, cards were mailed to the attorneys for the respective parties; and on April 25, 1958, the plaintiff-appellant filed a motion requesting the court to render separate findings of law and fact.  The parties then filed separate memoranda in connection with this motion; and on July 16, 1958, the trial judge made the following entry on the "half sheet":

"Motion requesting that the court find separately the facts herein and conclusions of law is hereby denied.

"It is the considered opinion of the court that such request under

provisions of §2315.22 R. C., is not timely made. Such request was made after journal entry of judgment had been entered upon the half-sheet and filed with the Clerk of this court and no motion for a new trial having been filed herein within the statutory period therefor, said journal entry of judgment as entered upon the half-sheet constitutes the journal entry of the final order in this case. **Sec. 2315.22 R. C.,** expressly directs that such request for such findings must be made 'before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization.' "

The case was appealed to the Court of Common Pleas of Franklin County, Ohio, from this order of the trial judge. There the motion of the appellees for dismissal of the appeal, for the reason that the order from which it was taken was not a final order, was sustained by the Court of Common Pleas.

The case has been appealed to this court on a question of law; and. while separate assignments of error were not filed, it appears from the briefs and arguments of the parties that the appeal rests on the upholding of the Municipal Court's order overruling plaintiff's motion for separate findings of fact and conclusions of law.

In their briefs, counsel have reviewed many cases of law dealing with the filing of the motion for separate findings of fact and conclusions of law; but the cases cited all deal with §11421-2 GC, and §2315.22 R. C., prior to the last amendment of that section on September 30, 1955. A review of those cases can be obtained from a reading of the Supreme Court case of **Levick v. Bonnell, 137 Oh St 453, 30 N. E. (2d), 808;** and the case of **Fisk v. Glechoff, 92 Oh Ap 400, 105 N. E. (2d), 670.** The latter case held that where the judgment of the Municipal Court was entered in the absence of the parties and on the day following notice of entry of judgment, a request for separate findings of fact and conclusions of law, even though made after judgment, was timely and should have been granted.

**Sec. 2315.22 R. C.,** now reads as follows:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, one of the parties requests otherwise, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

The law prior to the last amendment of September 30, 1955, did not contain the words "before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization."

It should be noted that in this case, the court had for its consideration a motion for the findings of fact and conclusions of law, but no motion for a new trial was given to the trial court for its consideration. In most of the cases reviewed dealing with a motion having been made following the notice of entry of judgment, there was also a motion for

150

a new trial, so that the trial court always had to pass on a motion which would be a final order or an order from which an appeal could be taken.

As the trial judge and the Common Pleas judge who reviewed the case commented, since the motion for separate findings of fact and conclusions of law in this case was made after the last appealable order was rendered, the motion was made too late. The order which the trial court rendered on July 16, 1958, was not a final order within the purview of §2505.02 R. C.; and the Court of Common Pleas was correct in its dismissal of the appeal.

The judgment of the Court of Common Pleas is affirmed.

BRYANT, PJ, concurs.
MILLER, J, not participating.