## D & H COAL CO v LAY

Ohio Appeals, 5th Dist, Richland Co

Harry F. Bell, Mansfield, for Coal Co.

L. H. Beam, Van C. Cook, and Wm. McE. Weldon, all of Mansfield, for Lay.

MIDDLETON, J. (4th Dist) sitting in place of HOUCK, J.

Statement of facts will be found in the opinion.

LEMERT, J.

This cause comes into this court from the Court of Common Pleas of Richland County, Ohio, by way of appeal. The same is submitted upon an agreed statement of facts signed by all the parties of interest herein; and the agreed statement of facts is made a part of this opinion the same as tho they were fully re-written and in-

corporated herein.

So without incumbering the record and herein repeating any of the agreed statement of facts or conditions or agreements stipulated therein, to which reference may be had as herein before referred to, we consider that the only question for the court in this cause to determine is whether or not C. C. Constance and Sons have complied with the mechanics' lien act in order to secure a lien on the premises described in the petition.

At the very outset of this case the court takes notice, that the affidavit filed with the recorder claiming a lien, that there is no allegation therein showing the amount due **over and above all legal set-offs.**

The statute we have considered in this case, to-wit, **8314 GC** provides, for those who desire to avail themselves of the mechanics' lien act shall file an affidavit with the County Recorder concerning certain statements, and the same also provides a form for the affidavit as part of said statute in the form following, to-wit:

"Every person or his agent or attorney, whether contractor, subcontractor, materialman or laborer, who wishes to avail himself of the provisions of this statute shall make and file for record in the office of the recorder in the county or counties in which said labor was performed or machinery, material or fuel furnished an affidavit **showing the amount' due over and above all legal set-offs,** a description of the property to be charged with the lien, the name of the person to or for whom such machinery, materials or fuel were furnished and labor performed, and of the owner, part owner, or lessee, if known."

This same statute then further provides as to the verification etc. of the affidavit. The term set-off is defined by **11319 GC** as follows:

"A set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action and arising on contract, or ascertained by the decision of a court; it can be pleaded only in an action founded on contract."

We believe that it is well settled by the law of this state and other jurisdictions that the character, operation and extent of a statutory lien must be ascertained from the statute creating and defining it. Such statute cannot amend or extend by judicial construction or interpretation to meet a situation not provided for, contemplated, thereby. Such a remedy is purely legislative notwithstanding the beneficent and constructive purpose and object of the mechanics' lien statute and the declaration that they shall be liberally construed in so far as they are remedial, yet being in derogation of the common law the character, operation and extent of the lien must be ascertained by the terms of the statute creating and defining it, and the parties cannot extend the statute to meet cases for which the statute itself does not provide tho these may be of equal merit with those provided for.

The question presented to us in this case, while the same has not perhaps been squarely met by any Ohio court, therefore, we appreciate that this question must be determined to a greater or less extent on the provisions contained in our mechanics' lien acts with the rules of construction laid down by other courts. Therefore, some consideration should and must be given to the Supreme Courts of other states where they have had the same or similar questions on this same proposition. We therefore, cite 29 Calif. 283, wherein among other things, it is provided in an affidavit for a materialman's lien that it should contain a statement and the amount for which the lien claimed is due, **over and above all payments and set-offs,** it was held that the sub-contractor or materialman, in order to hold a lien for work done or material furnished to the contractor must strictly comply with the provisions of the act.

On examination of the affidavit under consideration in the instant case it will readily be noticed that the lien claimant's affidavit is silent as to whether or not the amount due for material furnished **might be affected by any legal set-off.**

The affidavit states that material was furnished Micheal Lay, Elizabeth Lay and the Farmers Savings and Trust Company, and that there is due the lien claimant therefor the sum of $1270.86. Whether or not the Farmers Savings and Trust Company, Michael and Elizabeth Lay had any claim in the nature of a set-off against said lien claimant no showing in the affidavit is made.

The language of the statute is clear that the amount to be placed in the affidavit for a lien is the sum due for the material furnished less any claim or claims in the nature of a set-off that the owner has against the lien claimant.

The amount stated in this affidavit is for the sum due for the materials, and whether or not it might be reduced slightly or wholly by a set-off no information is given.

The legislature has spoken, they have provided the method and step by which a mechanics' lien may be fastened on real estate; they have stated in express language that the lien claimant should make an affidavit **showing the amount due over and above all legal set-offs.** That the lien claimant might follow the provisions required in the statute the legislature provided a form which he might use, and in that form they use this express language: "There is justly and truly due the deponent therefor from the said —————— over and above all legal set-offs, the sum of —————— dollars."

If the legislature had only intended that the lien claimant should state in his affidavit the amount due for the labor or material furnished there might then be some force in the argument that the lien claimant's affidavit is sufficient, but if the legislature intended a lien claimant to show in his affidavit that he had given credit on his claim for any set-offs the owner might have then the affidavit, in our opinion, is clearly deficient.

We believe the intention of the legislature must be ascertained from the language used in the statute.

We note that the courts of other jurisdictions have construed similar provisions in their statutes and have held it was the intention of the legislature that the notice or affidavit for a lien should expressly state that the amount claimed is the sum left after deducting all credits and set-offs, and that said provisions are imperative and must be alleged as set forth in the statute, or no lien attaches.

Therefore, we find, believe and hold that where the method by which a mechanic's lien may be acquired has been prescribed by statute that the same must be strictly followed; that it must affirmatively appear upon the face of the affidavit that each requisite step has been taken, and that a deficiency or any omission of requirements is fatal to the lien, and that it cannot be supplied by amendments to parol evidence.

The affidavit in this case shows the amount due for the material furnished but **it does not show**, as strictly perscribed by statute, the amount due less any legal set-offs.

It therefore follows that this affidavit for a mechanic's lien being deficient that no lien has herein attached.

Therefore, it is the holding of this court that the lien asserted by C. C. Constance & Sons in their cross-petition was not legally perfected and has not been legally established in this case as a lien against lot 8199 in the city of Mansfield, Ohio.

There being no controversy as to the priority of the other parties in interest herein their interests will be taken care of by proper entry in accordance with this opinion.

All parties so desiring may have exceptions.

Sherick, J, and Middleton, J, concur.