## BARNES v BUTLER COUNTY LUMBER CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided Nov 17, 1930

Griffin & Haines and Shank & Shank, all of Hamilton, for Barnes.

Hightower, O'Brien & Porter, Cincinnati, and Williams, Sohngen, Fitton & Pierce, Hamilton, for Lumber Co.

**HAMILTON, J.**

To make the lien good, service of a copy of the affidavit for the lien on the owner must be made within thirty days, and made in one of the ways provided for in **8315** and **8323-3 GC.**

There is no bill of exceptions filed in the case. The question sought to be raised is presented in what purports to be separate findings of fact and conclusions of law on the question of service.

It is argued in the brief of counsel for the defendant in error that this court should not consider the separate findings of fact, for the reason that the request for the separate findings of fact and conclusions of law was not made until after the determination of the case by the court. On this proposition it is sufficient to say that the court might have refused to make the separate findings, for the reason that the request was not seasonably made, but the court granted the motion and made the separate findings, and we know of no legal obstacle to its consideration under the circumstances.

The separate findings are unsatisfactory, in that what is denominated separate findings of fact is mere evidence in narrative form.

It is further argued by the defendant in error that the separate conclusions of law are merely findings of fact, in that the court as a conclusion of law finds that a true copy of the plaintiff's mechanic's lien was served on the defendant Thomas Logsdon, who was then the owner of the property, within thirty days after the filing of the lien for record with the recorder of Butler county, Ohio. This undoubtedly would be a separate finding of fact had the request for separate findings of fact and conclusions of law had reference to the issues in the case, but the request was only concerning the service.

We are of opinion that **11470 GC**, pro-viding for separate findings of fact and conclusions of law, authorized this request. So that the conclusion of law finding that a true copy was served on the defendant Logsdon is a conclusion of law relating to the service, and is presumed to be based on the findings of fact.

It appears from the findings of fact that the plaintiff filed its affidavit for mechanic's lien on June 28, 1929, with the recorder of Butler county, Ohio; that on July 23, 1929, plaintiff addressed a letter to which was attached a true copy of the affidavit for mechanic's lien to Thomas Logsdon, Second and Court streets, which was the office of Thomas Logsdon, Hamilton, Ohio. Said letter stated to said Thomas Logsdon that on the 28th of June, 1929, the plaintiff filed with the recorder of Butler county, Ohio, an affidavit for a mechanic's lien. Said letter, together with the copy of the lien, was mailed by registered mail, return receipt requested. The return receipt shows that the letter and the copy of the lien was delivered July 24, 1929. Said receipt was signed "Thomas Logsdon," over the line marked "signature or name of addressee," and "Lottie Staneky" over the line marked "signature of addressee's agent." Lottie Staneky was employed in the office of Thomas Logsdon, doing general office work, and it was customary for her to sign for registered mail.

It is argued by plaintiff in error that to make the service legal, the affidavit must have been mailed by registered letter, addressed to the last known place of **residence** of such person, and since the record discloses that the registered letter was mailed to the office of Thomas Logsdon, it is not such mailing as is required by **6323-3 GC. However, 8323-3 GC,** provides, among other things:

"* * * or the same may be served by registered letter addressed to such person, firm or corporation * * *."

Therefore, if the registered letter was addressed to such person, and in this case it was addressed to Thomas Logsdon, proper service was started. The section further provides that:

"And proof that such notice, affidavit or copy was mailed by registered letter to the last known place of residence of such person * * * shall be conclusive proof of service. * * *"

So that we have the situation here that if the registered letter had been addressed to the place of residence all that was necessary for plaintiff to establish service, would

have been to prove the mailing thereof, but since the letter was not mailed to the place of residence, it would become necessary to prove the receipt of the registered letter containing the notice of the affidavit by the owner.

While, as heretofore stated, the findings of fact are not satisfactory, and it is not shown that these facts are based on all the evidence submitted on the question, we are of opinion that, in the absence of a bill of exceptions to test the findings, the court was justified in drawing the inference, in the absence of any denial by Logsdon of the receipt of the letter, that Logsdon received the registered letter containing the copy of the affidavit for the mechanic's lien. This conclusion requires an affirmance of the judgment.

The judgment of the Court of Common _____ed.

_____ concur.