## BAKOS v LORAIN LUMBER & MANUFACTURING CO et
## BALAS et v LORAIN LUMBER & MANUFACTURING CO et

Ohio Appeals, 9th Dist, Lorain Co

Nos 642 & 643.   Decided June 20, 1933

D. W. Myers, Elyria, and C. J. Maple, Elyria, for plaintiffs.

Glitsch, Stack & Moon, Lorain, for defendants The Lorain Lumber & Manufacturing Co. and The Consumers Builders Supply Co.

Baird & Vandemark, Elyria, for defendant E. J. Zimmer, d.b.a. The Elyria Plumbing & Heating Co.

**OPINION**

By FUNK, J.

The principal questions at issue in both cases as to the Lorain Lumber & Mfg. Co., liens, and the Consumers Builders Supply Co. lien on the Bakos house, are, first, the sufficiency of the respective affidavits of the respective defendants in each case, and second, whether the respective affidavits in each case were filed within the statutory limitation of 60 days from the date of furnishing the last item, as provided by §8314 GC.

There is also some contention in each case concerning whether certain stipulations agreed to in the Common Pleas Court by counsel for the lienholders are binding on them in this court.

We will take up first the liens of the Lorain Lumber & Mfg. Co. The material evidence determinative of its right to a lien on the respective houses is practically the same in both cases.

After a careful consideration of the evidence in reference to this defendant, we are unanimously of the opinion that this defendant has not maintained the burden cast upon it of showing, by a preponderance of the evidence, that the last item charged was furnished within the 60-day limitation prior to the filing of its claimed liens on each of said properties on March 19, 1930, and that for this reason this defendant is not entitled to have its alleged lien enforced on either the Bakos or Balas house. This finding renders it unnecessary to determine the question of the sufficiency of the affidavit, or what effect, if any, any stipulation that may have been agreed to in the Common Pleas Court had in the trial on appeal in this court.

We will next consider the claimed lien of the Consumers Builders Supply Co. on the Bakos house. The matter of the lien of this defendant on the Balas house is not before this court.

First, it is contended by counsel for the plaintiff that the affidavit for this lien does not comply with the provisions of §8314 GC, which is the section which provides what the affidavit to obtain a mechanic's lien shall contain; the contention being that it omits the words "therefor from the said Graupner Bros.," and that it is thus defective and insufficient to support a lien.

The part of said §8314, GC, pertinent to this issue, reads as follows:

"* * * an affidavit showing the amount due over and above all legal setoffs, a description of the property to be charged with the lien, the name of the person to or for whom such machinery, materials or fuel were furnished and labor performed, and of the owner, part owner, or lessee, if known."

Said §8314 GC further provides that the "affidavit may be in the following form," but does not say that it shall be in that form. While the form given in said section uses the words "therefor from the said C. D.," it will be noted that the language of the statute itself does not require the affidavit to specifically show from whom the amount is due. We think that when the legislature said that the form set out in said §8314 GC may be used, it clearly intended it as merely a suggested form and intended that any other form might also be used, so long as the affidavit gives the information required by the language of the statute.

The affidavit in question, showing it was made by an officer of "the Consumers Builders Supply Company, a corporation," contains the following allegations:

"* * * that said company furnished certain material in and for the construction and erection of a certain dwelling house, situated on the land hereinafter described, in pursuance of a contract with Richard Graupner and Erich Graupner, partners trading as 'Graupner Bros.,' the contractors, having a contract for the construction and erection of said dwelling house with Julius Bakos, the owner.

"The last of such material was furnished on the 11th day of February, 1930, and there is justly and truly due said the Consumers Builders Supply Company, over and above all legal setoffs, the sum of Five Hundred Eighty-two and 15/100 Dollars ($582.15), for which amount said the Consumers Builders Supply Company claims a lien on said land and building, of which the said Julius Bakos is or was the owner, and which premises are described as follows: * * *."

It will be observed that this affidavit contains all the information the statute requires. The rule is well established that the intention of the legislature must be ascertained from the language used in the statute, and under the rule of strict construction as applied to said §8314 GC in the case of **D. & H. Coal Co. v Lay, 37 Oh Ap 433,** (9 Abs 339; 9 Abs 587), which was affirmed in **Constance & Sons v Lay, 122 Oh St 468,** we think the language of the statute is controlling rather than that of the form which the statute says "**may**" be used. Moreover, it would seem that the only reasonable inference to be drawn from the language of the affidavit above quoted is that said amount was due from the said Graupner Bros. for the material so furnished.

It being admitted that the affidavit is otherwise sufficient, we hold that the affidavit of the Supply Co. contains all the information the statute requires and is sufficient to support a lien on the Bakos house.

Second, Was the last material furnished within the statutory limitation of 60 days prior to the filing of the affidavit for this lien?

Although the evidence on this subject is quite conflicting, we have come to the conclusion that it preponderates in favor of the Consumers Supply Co., and that said company is entitled to maintain its lien upon the Bakos property.

We will now consider the claimed lien of the Elyria Plumbing & Heating Co. on both the Bakos and Balas houses.

The only contention concerning these liens is whether or not a certain payment made by Graupner Bros. to this defendant was or should now be applied upon its claim for labor and material furnished for the Bakos and Balas houses.

The uncontradicted evidence is substantially as follows: that on Nov. 9, 1929, both Bakos and Balas each paid Graupner Bros. $1000 on their respective contracts with Graupner Bros. for the construction of their respective houses; that Graupner Bros. deposited said payments in their bank account and commingled it with their other funds, and there is no claim that either Bakos or Balas attempted to comply with the lien law in making payments to said Graupner Bros., the principal contractor; that on Nov. 11, 1929, said Graupner Bros. gave their check for $375 to said Heating Co., which was a subcontractor for the plumbing, etc., under Graupner Bros., on some six different houses; that at the time said check was given there was not that much due on both the Bakos and Balas houses together, and that neither job had been completed; and that the Heating Co. had no knowledge that said Bakos or Balas had paid any amount to said Graupner Bros., and knew nothing of the source from which Graupner Bros. had obtained the funds in their bank account out of which said check to the Heating Co. was paid.

It further appears that at the time said check for $375 was given, there was due the Heating Co. from Graupner Bros. on two other jobs, which were then completed, the exact amount of said check—the amount due on one being $190, and on the other $185. Moreover, there is testimony to the effect that, when Graupner Bros. gave the Heating Co. their said check for $375, said Graupner Bros. instructed the Heating Co. to apply the same upon said other two accounts above referred to, and Mr. Graupner who was a witness in this case, not only did not deny this claim by the Heating Co. but on the contrary his testimony rather tended to corroborate it.

Under the facts and circumstances as disclosed by the evidence in reference to the Heating Co. liens, we are clearly of the opinion that the $375 was properly credited to the other two accounts and that the respective plaintiffs are not entitled to have the same credited on their respective accounts. Said Heating Co. is therefore entitled to maintain its lien upon both the Bakos and Balas houses.

A decree may be drawn in each case in accordance with this opinion.

WASHBURN, PJ, and STEVENS, J, concur in judgment.