## MAKARIUS v HEWITT et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1197. Decided Jan 25, 1934

A. J. Kause, Dayton, for lien claimant, R. W. Harbaugh, Dayton, d.b.a. for Harbaugh Lumber Company.

R. R. Cross, Dayton, Morris P. Cromer, Dayton, for Franklin Savings and Loan Association.

## OPINION

By HORNBECK, PJ.

We are content to say that we find against the claim of the Franklin Loan and Savings Association as to the second and third headings above set forth. The first heading brings into consideration a portion of §8323-3 GC which provides in part:

"Any notice, affidavit or copy required to be served under the provision of this chapter also may be served * * * or the same may be served by registered letter addressed to such person, firm or corporation, and proof that such notice, affidavit or copy was mailed by registered letter to the last known place of residence of such person, firm or corporation shall be conclusive proof of service."

The part of the section authorizing service by registered letter is an innovation in the law and has only been effective in recent years. If service be made in the well recognized manner prescribed by the statute it is contemplated that a formal return be made by the sheriff of the county when he serves a notice or affidavit; if it be served by any other officer such formal return is contemplated. If service is had by publication a copy of the notice from the newspaper in which it was carried is provided and an affidavit authenticating it as the notice which was carried according to law is filed. Thus there is conclusive and unequivocal proof that service has been made as provided by law.

It follows that if service is to be secured by registered letter proof thereof should be conclusive. In the instant case the owner denies receipt of any notice.

The Harbaugh Lumber Company through its representative offers nothing from its own records to support the statement that the affidavit was mailed by registered letter. No receipt from the Post Office Department is tendered. No return receipt from the addressee of the letter appears, although it could have been demanded. No proof is forthcoming from any officer or agent of the Post Office Department that such a registered letter was mailed at the main or any branch office in the City of Dayton. Coming to the oral testimony we find it uncertain. The conclusion that the letter under consideration was sent by registered mail obviously is the result of custom or practice of the company in mailing out such letters by registered mail, instead of independent recollection. At times the letter was characterized as special delivery and other times as registered mail. The sender cannot say whether the letter was mailed from the office of the company or at the post office. All in all the oral testimony is not satisfying and there is no record proof to sustain the claim that the notice was sent by registered mail.

We are of opinion that the courts should not accept any form of proof of service of copy of affidavits for liens by registered mail under §8323-3 GC which is not convincing.

A full and fair consideration of the record from the trial court together with the evidence taken in this court does not afford the proof of service of notice of copies of the affidavits for liens on the owners. The judgment of this court will therefore be that there is insufficient proof of the validity of the mechanics' liens of the Harbaugh

Lumber Co. on lots 42659 and 42660 in the name of the owners. Judgment accordingly.

KUNKLE and BARNES, JJ, concur.