FELLER-OLMSTED CO., APPELLANT, *v.* J. RITCHIE & SONS, INC., APPELLEE.

(No. 26393—Decided May 31, 1963.)

*Messrs. Jones, Day, Cockley & Reavis, Mr. James C. Sennett* and *Mr. Ernest A. E. Gellhorn,* for appellant.
*Messrs. Falsgraf, Kundtz, Reidy & Shoup* and *Mr. Ivan L. Miller,* for appellee.

*Per Curiam.* This is an appeal on questions of law from a judgment rendered in the Cleveland Municipal Court for the defendant in an action in contract for money only.

It is argued in the brief of counsel for defendant, appellee herein, that this court should not consider the separate findings of fact and conclusions of law made by the trial court for the reason that the request was not made seasonably, since it was made after the journal entry entering judgment was approved by the trial court in writing and filed with Clerk of the Cleveland Municipal Court for journalization.

The transcript of the docket entries of the trial court reveals that judgment was entered in favor of defendant against plaintiff on November 16, 1962. On November 17, 1962, the request for separate findings of fact and conclusions of law was filed. On this proposition, it is sufficient to say that the trial court might have properly refused to make the findings since the request was not seasonably made under the provisions of Section 2315.221, Revised Code. However, the trial court granted the request and made the separate findings, which were signed, filed, and ordered recorded on November 30, 1962. We know of no legal reason why they should not be considered under the circumstances. See *Barnes* v. *Butler County Lumber Co.*, 38 Ohio App., 445.

Having disposed of this objection, we now consider the merits of this appeal. The sole question urged by plaintiff, appellant herein, is that the findings of fact and conclusions of law are insufficient to sustain the judgment because they are not determinative of the ultimate facts in issue, are merely evidential in character, and cannot support the judgment favoring defendant.

The amended petition for money only alleges in part that " * * * the plaintiff, upon the promise of the defendant to pay the premiums therefor, provided, continued in effect and refrained from cancelling certain automobile liability, cargo and robbery insurance policies covering motor vehicles and equipment owned by George Ritchie which were utilized by him in the transportation of goods pursuant to and under the authority of the irregular Interstate Certificate issued by the said Public Utilities Commission of Ohio to the defendant, J. Ritchie & Sons, Inc."

It was further alleged that there was a balance of $5,947.95 on account due on the promise to pay.

The amended answer denies that this promise was made and

also sets up a defense of the Statute of Frauds alleging that if a promise is found, it was a promise to pay the debt of another and, therefore, must be in writing to be enforceable.

Plaintiff's Exhibit P, a copy of the account, which was incorporated by reference and attached to the amended petition, shows the account to be in the names of:

> "J. Ritchie & Sons, Inc.
> Ritchie Moving & Storage Co.
> Ritchie Cartage Co."

The pleadings certainly show that one of the ultimate, determinative facts is whether there was a promise on the part of this defendant, J. Ritchie & Sons, Inc., to pay this account of $5,947.95. It is the duty of the trial court, when one of the parties requests conclusions of fact separately stated from conclusions of law, to make such findings on ultimate facts and probative facts from which ultimate facts can be inferred as a matter of law. The failure of the trial court to do so is reversible error. See *Cleveland Produce Co.* v. *Dennert*, 104 Ohio St., 149; *Leach* v. *Church*, 10 Ohio St., 148; *Albright* v. *Hawk*, 52 Ohio St., 362; *McShane* v. *Keiser*, 108 Ohio App., 514.

The trial court did not make a finding on whether a direct promise to pay this account was made by defendant, or whether the defendant had guaranteed the debt of George Ritchie. Moreover, none of the conclusions of fact found by the trial court provides a basis from which a promise to pay could or could not be inferred as a matter of law. Such failure on the part of the trial court constituted error prejudicial to a substantial right of plaintiff.

For this reason the judgment entered in the trial court is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

SKEEL, C. J., SILBERT and CORRIGAN, JJ., concur.