Love Lumber Co., Inc., Appellee, *v.* Reaser; Hiatt, Appellant.

[Cite as Love Lumber Co. v. Reaser, 4 Ohio App. 2d 354.]

(No. 2835—Decided October 23, 1964.)

*Messrs. Hogue & McCarty,* for appellee.
*Mr. George E. Zimmerman,* for appellant.

Crawford, J. Defendant Mary Francis Hiatt, appellant herein, is the owner of certain premises which were remodeled by defendant Earl P. Reaser, contractor. Plaintiff, Love Lumber Company, Inc., appellee herein, furnished materials to Reaser on open account. Plaintiff brought this action for a money judgment against defendant Reaser and for foreclosure of its

mechanic's lien against the property of Hiatt. Defendant Hiatt filed an answer and cross-petition.

The Common Pleas Court entered judgment for the plaintiff and against the defendant, both on plaintiff's petition and on Hiatt's cross-petition. Hiatt alone appealed. The issues raised on the cross-petition have not been briefed or argued. The question presented to us is the validity of the mechanic's lien.

There are two assignments of error, raising three questions. The first two questions pertain to the affidavit for lien: (1) Whether it was filed in time; and (2) whether it was improperly amended. The third question is whether there was valid service of a copy of the affidavit upon the owner or her agent.

The affidavit was filed with the recorder on January 22, 1960. It contains the information required by Section 1311.06, Revised Code, and follows the form suggested by that statute.

It asserts that the last material was furnished on December 2, 1959. Plaintiff contends that certain window glass and glazing compound were sold by it to Reaser on December 2 and placed in the building by him on that date. Hiatt seriously questions the truth of these contentions and offers credible evidence to dispute them.

Hiatt contends that the court was in doubt upon this point. The decision is not part of the record. The evidence is in conflict. This presented a question for the trier of the facts to determine. There is evidence which, if believed, would support a finding for the plaintiff on this issue. As we must presume that the court acted regularly, if its conclusion was based upon such a finding, we would not be justified in setting the judgment aside.

There is substantial evidence that other material was furnished on November 25 or 27 and used in the building. Both of these dates were within 60 days prior to the filing of the affidavit. Section 1311.06, Revised Code.

It is important to bear in mind the rules of construction to be applied in mechanic's lien cases. They have been frequently and uniformly stated as follows:

"Mechanics' lien statutes create rights in derogation of the common law and should therefore be strictly construed as to

question whether a lien attaches, but their procedural and remedial provisions should be liberally construed, after the lien has been created." *Robert V. Clapp Co.* v. *Fox*, 124 Ohio St. 331.

See, also, *Mahoning Park Co.* v. *Warren Home Development Co.*, 109 Ohio St. 358, 369; *C. C. Constance & Sons* v. *Lay*, 122 Ohio St. 468.

Hiatt's counsel argues that in support of an affidavit which alleges December 2, 1959, as the last delivery date, plaintiff may not rely upon an earlier delivery, and that to do so would be to amend the affidavit after the expiration of the 60-day period. Such an amendment, of course, may not be made. *Hale* v. *Coleman*, 22 C. C. N. S. 55; *State, ex rel. Alban,* v. *Kauer*, 116 Ohio App. 412; *C. C. Constance & Sons* v. *Lay, supra.*

We do not believe that reliance upon a date other than that stated in the affidavit, occurring within 60 days prior to its filing, constitutes an amendment. The date of supplying the last material is not part of the information required by Section 1311.06, Revised Code. It is included in the suggested form of the affidavit. But use of this precise form is merely discretionary and not mandatory. *Bakos* v. *Lorain Lumber & Mfg. Co.*, 15 Ohio Law Abs. 147. The only requirement of the affidavit in this respect is that it allege that the last material was furnished within the 60-day period previous to its filing. Hence, it would be unnecessary to state any precise date. The naming of a particular date was simply the method used to say that the last material was furnished within 60 days.

In Demann's Ohio Mechanic's Lien Law 2 Ed. 217, we find this statement:

"The affidavit for lien must state either the date when the last labor was performed or material furnished, or that the same was performed or furnished within sixty days of the filing of the affidavit. However, liens have been sustained where the time the last material was furnished was not stated in the affidavit, but the affidavit was in fact filed within the statutory period after the last material was furnished."

We conclude that the affidavit is adequate to support the lien.

The final question concerns the service of the copy of the affidavit. It was sent by registered mail to the owner at her

place of business (the building which had been remodeled), not to her residence. Hiatt testified that she never received it. It was receipted for by her mother on January 25, 1960, and given by the mother to defendant's husband, who is one of her attorneys. He in turn delivered it to his associate, who is an active attorney for Hiatt in this litigation.

Defendant and her mother were partners in the operation of a dancing academy on the lower floor of the building. Only the second floor was being remodeled. We find no evidence that the mother had anything to do with the remodeling.

The husband denied that he had been overseeing the remodeling. He did act as attorney or agent with respect to paying the contractor. He testified in the case that he had some familiarity with the building and the remodeling, pointing out, for example, why he believed that no material was or could have been placed in the building on December 2. His law office was next door to the building at the time and he regularly parked his car on the premises in question before the remodeling began.

An attorney employed merely for litigation is not an agent for the purpose of service, but an attorney who has other connection with the construction may become such agent. See 36 Ohio Jurisprudence 2d 542, Mechanics' Liens, Section 90.

Section 1311.07, Revised Code, which requires service of a copy of the affidavit upon the owner within 30 days after its filing, does not specify the manner of service. Section 1311.19, Revised Code, does so. It provides that service may be made by registered letter addressed to the person sought to be served. It is not required that it be addressed to that person's residence. But it is incumbent upon the person required to have the service made, to prove that it was actually made. *Makarius* v. *Hewitt*, 16 Ohio Law Abs. 130; *Barnes* v. *Butler County Lumber Co.*, 38 Ohio App. 445.

The statute provides a convenient way to prove service, by saying:

" * * * proof that such notice, affidavit, or copy was mailed by registered mail to the last known place of residence of such person, is conclusive proof of service. * * *"

Plaintiff did not avail itself of this convenient method of proof. But it does not necessarily follow that the service was

bad. If it was served upon an agent of the owner it is sufficient.

In order to render judgment for the plaintiff it was necessary that the trial court find that the means used by the plaintiff brought the copy into the hands of Hiatt's agent. In the light of all the circumstances, we cannot say that such a finding was wrong.

The respective duties of the trial and reviewing courts in these matters are well expressed by Judge Hornbeck in a case somewhat similar to this. In *Kocher* v. *Ricketts*, 25 Ohio Opinions 383, at page 386, he says:

"We consider briefly the question of the service of the copy of plaintiff's mechanics lien upon a duly authorized agent of defendant, Walter Ricketts. If we were required to determine this question originally it would present serious difficulties, but granting to the trial judge the right to consider and weigh the testimony, we can not say that there was not support for the conclusion that the copy of the mechanics lien was either served upon Miley or came to his attention, which would be the equivalent thereof, and that he was the agent of defendant, Walter Ricketts, acting within the apparent scope of his authority in accepting service of the notice."

Likewise here, in the light of all the circumstances, we would not be justified in setting aside the finding of the trial court.

The judgment is, therefore, affirmed.

*Judgment affirmed.*

KERNS, P. J., and SHERER, J., concur.