OPINION
{¶ 1} Defendant-appellant, Steve Bare, d.b.a. Steve Bare Painting, appeals from a judgment of the Franklin County Court of Common Pleas granting judgment in favor of plaintiff-appellee, State Street Bank and Trust Company, and in favor of defendants-appellees, T. Kyle and Kelly Standley ("the Standleys"). For the following reasons, we affirm that judgment.
 {¶ 2} On May 24, 2001, appellee filed a complaint in the Franklin County Court of Common Pleas alleging that the Standleys were in default on a promissory note secured by a mortgage on property located at 6028 Dublin Road, Dublin, Ohio ("the property") and seeking foreclosure on such mortgage. The mortgage was recorded with the Franklin County Recorder on January 19, 1999. The complaint named Steve Bare ("Bare") as a defendant who might claim an interest in the property by virtue of an affidavit filed with the Franklin County Recorder on September 12, 1997. Service of the summons and complaint by certified mail was completed on Bare on or about June 1, 2001, on Kelly Standley on or about June 4, 2001, and on T. Kyle Standley on or about June 5, 2001. Service of the summons and complaint on both of the Standleys was also completed by residential service on June 1, 2001, although the return of service was not filed with the court until August 8, 2001.
 {¶ 3} On June 15, 2001, Bare filed his answer to appellee's complaint and a cross-claim against the Standleys. The cross-claim averred that Bare provided work and materials for the Standleys from April 7, 1997 through July 13, 1997, at the property and Bare was owed $8,609.75 for such work and materials. Bare sought to obtain a judgment against the Standleys for this work. Bare's answer and cross-claim was served by ordinary mail to the Standleys on June 14, 2001. The Standleys never responded to Bare's cross-claim.
 {¶ 4} On February 20, 2002, appellee filed a motion for summary judgment. Appellee requested judgment on its foreclosure claim against the Standleys, as well as judgment on Bare's cross-claim against the Standleys. Appellee claimed that Bare's mechanic's lien was invalid because it was not timely filed. Appellee pointed out that an affidavit for mechanic's lien in connection with a one or two-family dwelling, or a residential condominium property, must be filed within 60 days from the date on which the last work or labor was performed or material was furnished. R.C. 1311.06(B)(1). Bare's affidavit stated that he provided work and materials to the property from April 7, 1997 through July 13, 1997. However, Bare filed his affidavit on September 12, 1997, 61 days after July 13, 1997.
 {¶ 5} In response to appellee's motion for summary judgment, Bare claimed that he actually last performed services on the property on July 16, 1997, less than 60 days before September 12, 1997. He filed a new affidavit on March 5, 2002, in an attempt to amend his first affidavit for mechanic's lien.
 {¶ 6} On May 17, 2002, the trial court granted summary judgment in favor of appellee on its foreclosure claim against the Standleys. The trial court went on to treat appellee's motion for summary judgment against Bare as a request that the court declare his mechanic's lien invalid. In that regard, the trial court found that genuine issues of material fact existed because of Bare's allegation that he actually last provided work and materials to the property on July 16, 1997, a date less than 60 days before the filing of his affidavit for mechanic's lien. Accordingly, the trial court denied appellee's motion for summary judgment against Bare and left pending for trial appellee's claim against Bare and Bare's cross-claim against the Standleys.
 {¶ 7} On July 3, 2002, the trial court entered a judgment and decree of foreclosure. The court found that the Standleys were in default of the note and appellee was the owner and holder of the mortgage securing that note. The trial court further found that the mortgage was a valid lien on the property, and ordered the sale of the property, subject to unpaid real estate taxes, assessments, and Bare's mechanic's lien claim. Thereafter, the clerk's office mistakenly terminated the case. However, by order dated August 6, 2002, the trial court reactivated the case and set the remaining claims between appellee, Bare and the Standleys for trial on September 30, 2002.
 {¶ 8} At the commencement of trial, Bare's counsel made an oral motion for default judgment against the Standleys. The trial court pointed out that the cutoff date for filing dispositive motions had long since passed. Apparently, Bare's counsel was not prepared to present any evidence. Therefore, he immediately attempted to dismiss his cross-claim by oral motion pursuant to Civ.R. 41(A). The trial court denied this motion and entered judgment in favor of the Standleys on Bare's cross-claim. The trial court also entered judgment in appellee's favor on the mechanic's lien issue.
 {¶ 9} Bare appeals, assigning the following errors:
 {¶ 10} "1. The trial court abused its discretion in not granting any of the motions made at the trial in an attempt to preserve Bare's rights on his cross-claim against the Standleys.
 {¶ 11} "2. The trial court erred by perceiving a lien priority issue that had never been pled. Assuming there was such an issue, the court erred by misallocating the burden of going forward and of proof on the issue.
 {¶ 12} "3. The trial court erred in issuing a decree in foreclosure and allowing plaintiff and the Standleys to sell the property when this litigation had not yet been fully adjudicated.
 {¶ 13} "4. The trial court erred in proceeding with trial on the cross-claim against the Standleys, when counsel to plaintiff raised an issue of service of the cross-claim which was partially correct."
 {¶ 14} Additionally, appellee has filed a cross-appeal, assigning the following error:
 {¶ 15} "The trial court erred in finding a genuine issue of material fact existed as to the credibility of Defendant Bare's evidence and whether his corrected affidavit relates back to the date of filing of the original mechanic's lien."
 {¶ 16} We will address Bare's fourth assignment of error first. In that assignment of error, Bare contends that the trial court erred in entering judgment in favor of the Standleys on his cross-claim because of alleged defects in service of the cross-claim. Bare served his cross-claim on the Standleys by ordinary mail. He now contends that service of that pleading was defective because, pursuant to Civ.R. 5(A), service should have been obtained in compliance with Civ.R. 4 through 4.6 (i.e., in the manner provided for service of summons).
 {¶ 17} Generally, pleadings and other papers subsequent to the original complaint are served by delivering a copy, transmitting a copy via facsimile or mailing a copy to the party or his or her attorney. See Civ.R. 5(B). However, Civ.R. 5(A) states, in pertinent part:
 {¶ 18} "* * * Except as otherwise provided in these rules, * * * every pleading subsequent to the original complaint * * * shall be served upon each of the parties. Service is not required on parties in default for failure to appear except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ.R. 4 through Civ.R. 4.6."
 {¶ 19} Accordingly, pursuant to Civ.R. 5(A), if a pleading asserts a new or additional claim for relief or for additional damages, such pleading must be served on a party in default for failure to appear in the manner provided for service of summons in Civ.R. 4 through 4.6. Those methods include service by certified mail, personal service, and residential service. In the case at bar, Bare's attorney served the cross-claim on the Standleys by ordinary mail, a manner of service not provided for by Civ.R. 4 through 4.6. Bare argues that such failure precluded judgment on his cross-claim. We disagree.
 {¶ 20} In order to determine whether service of the cross-claim was defective, we must first determine whether or not the Standleys were in default for failure to appear and whether or not the cross-claim asserted new or additional claims for relief or for additional damages. As this court has previously stated, "where a new or additional claim has been asserted against a party, if such party is in default of answer to the original complaint, no judgment may properly be rendered on such claim until the pleading asserting it has been served on such party in the manner provided for service of summons." Huntington National Bank v. Dunno (July 10, 1997), Franklin App. No. 97AP-223, citing Kral Builders Supply, Inc. v. Gerl (1986), 27 Ohio App.3d 353, 355; see, also, Bank One v. O'Brien (May 14, 1992), Franklin App. No. 91AP-882.
 {¶ 21} The Standleys were not in default of answer to the original complaint at the time Bare served his cross-claim. Appellee's complaint was filed on May 24, 2001, and certified mail service was completed on both of the Standleys by June 5, 2001. Pursuant to Civ.R. 12(A)(1), they had 28 days from service, until July 3, 2001, to file an answer or otherwise respond to appellee's complaint. However, on June 14, 2001, before the end of that 28-day period, Bare served his cross-claim on the Standleys. Therefore, because the Standleys were not in default on June 14, 2001, Bare was not required to serve his cross-claim pursuant to Civ.R. 4 through 4.6 and his service of the cross-claim by ordinary mail was proper. Bank One, supra. Accordingly, Bare's fourth assignment of error is overruled.
 {¶ 22} In his first assignment of error, Bare contends that the trial court abused its discretion in denying his oral motions for default judgment and for leave to dismiss his cross-claim pursuant to Civ.R. 41(A). We disagree.
 {¶ 23} Although the Standleys never filed any responsive pleading to Bare's cross-claim, Bare did not request default judgment until the day of trial, September 30, 2002, more than one year after the Standleys' answer to his cross-claim was due. Additionally, the trial court previously set February 28, 2002, as the deadline for filing dispositive motions. Bare's oral motion for default judgment was also seven months after the dispositive motion cutoff date.
 {¶ 24} The decision to consider a dispositive motion after the cutoff date is within the discretion of the trial court. Cf. Shepard v. The Limited, Inc. (June 8, 1993), Franklin App. No. 92AP-1440 (affirming denial of leave to file motion for summary judgment filed after dispositive motion deadline). Such a decision will be reversed only upon a showing of an abuse of that discretion. An abuse of discretion implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Given Bare's failure to offer any explanation as to why he did not move for a default judgment until the day of trial, we cannot conclude the trial court abused its discretion in denying Bare's oral motion and requiring him to put on evidence to prove his case.
 {¶ 25} The trial court also did not abuse its discretion in denying Bare leave to dismiss his cross-claim pursuant to Civ.R. 41(A). To the extent Bare's oral motion was made pursuant to Civ.R. 41(A)(1), that rule provides that a plaintiff may dismiss an action without order of the court by filing a notice of dismissal at any time before commencement of trial. Bare's counsel did not make his motion until after the commencement of the September 30th trial. Moreover, an oral motion for leave to dismiss pursuant to this rule is ineffective. A written notice of dismissal is required. Douthitt v. Garrison (1981),3 Ohio App.3d 254, 256; Murphy v. Ippolito, Cuyahoga App. No. 80682, 2002-Ohio-3548, at ¶ 4. Therefore, the trial court properly denied Bare's oral motion for a Civ.R. 41(A)(1) dismissal.
 {¶ 26} To the extent Bare's oral motion was made pursuant to Civ.R. 41(A)(2), a decision denying such a motion is within the sound discretion of the trial court and will not be reversed absent an abuse of that discretion. Douthitt, supra; Aero Mayflower Transit Co. v. Albert (Oct. 17, 1988), Delaware App. No. 88-CA-8; Morris v. Wade (Feb. 28, 1985), Cuyahoga App. No. 48630. Bare was aware of the September 30, 2002 trial date since August 6, 2002, when the trial court reactivated the case. Although the result is harsh, we cannot conclude the trial court abused its discretion in denying his motion.
 {¶ 27} Bare's first assignment of error is overruled.
 {¶ 28} Bare contends in his second assignment of error that the trial court erred in ruling on a lien priority issue when no such issue was pled. Bare asserts that appellee never claimed that its mortgage had priority over his mechanic's lien or that his mechanic's lien was invalid. Bare is mistaken. Appellee's complaint averred that its mortgage constituted a valid first lien on the property and Bare's answer denied this assertion. The complaint also averred that Bare may have an interest in the property by means of an affidavit filed on September 12, 1997. Finally, appellee's prayer for relief requested the court to adjudge its mortgage as a valid first lien on the property. Therefore, the priority of Bare's mechanic's lien versus appellee's mortgage lien was at issue. The trial court was correct in addressing the merits of this issue.
 {¶ 29} Bare also contends in his second assignment of error that the trial court erred in misallocating the burden of proof on the lien priority issue. Bare claims that, because his mechanic's lien was filed first, a presumption arose that his lien had priority over appellee's lien and the burden of proof should have been placed on appellee to defeat this presumption. Although Bare did file his affidavit for mechanic's lien before appellee's mortgage lien was filed, that affidavit, on its face, was filed more than 60 days from the last day work or material were provided. R.C. 1311.06(B)(1). A lien is invalid where it appears from the face of the affidavit that the last date of providing work or materials was not within the statutory period allowed for perfecting a mechanic's lien. Wolff Brothers Supply, Inc., v. Weygandt Enterprises, Inc., (Jan. 25, 1989), Summit App. No. 13784; State ex rel. Alban v. Kauer (1960), 116 Ohio App. 412, 416; cf. Fairfield Ready Mix v. Walnut Hills Associates, Ltd. (1988), 60 Ohio App.3d 1, 2
(lien invalid for failure to comply with affidavit provisions of R.C.1311.06). Bare's attempt to amend his affidavit is ineffective, as such amendment is not permitted after the expiration of the 60-day period set forth in R.C. 1311.06(B). Love Lumber Co. v. Reaser (1964),4 Ohio App.2d 354, 356; Alban, supra.
 {¶ 30} Therefore, although Bare's affidavit was filed before appellee's mortgage lien, it was invalid when filed and no presumption of priority would arise. Because on the face of the affidavit Bare's mechanic's lien was invalid, the burden of proof would be on Bare to show that the affidavit was timely filed. Wolff Brothers, supra. Therefore, the trial court did not misallocate the burden of proof in this case.
 {¶ 31} Bare's second assignment of error is overruled.
 {¶ 32} Bare's third assignment of error contends that the trial court erred by issuing the July 3, 2002 judgment of foreclosure when the lien priority issue had not yet been resolved. However, the judgment of foreclosure issued by the trial court expressly stated that appellee's mortgage lien was subject to Bare's mechanic's lien claim in the amount of $8,609.75. Therefore, if Bare's mechanic's lien was adjudged by the trial court to be a valid, first lien on the property, the judgment allowed for Bare's interest to be paid out of the proceeds of the foreclosure sale before appellee received its payment. Bare's third assignment of error is overruled.
 {¶ 33} Having overruled Bare's four assignments of error, appellee's cross-appeal is moot. The judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and WATSON, JJ., concur.